

WILMINGTON
RODNEY SQUARE

NEW YORK
ROCKEFELLER CENTER

Karen L. Pascale
P 302.571.5001
F 302.576.3516
kpascale@ycst.com

March 24, 2017

**BY CM/ECF**

The Honorable Sherry R. Fallon
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

      Re:    *Hologic, Inc. and Cytyc Surgical Products, LLC v. Minerva Surgical, Inc., LLC*, C.A. No. 15-1031-SLR-SRF

Dear Judge Fallon:

      In anticipation of the Teleconference to Resolve Discovery Dispute scheduled for 2:00 pm EDT on Wednesday, March 29, 2017, Plaintiffs Hologic, Inc. and Cytyc Surgical Products, LLC (collectively, "Hologic") respectfully submit this letter brief responding to Defendant Minerva Surgical, Inc.'s ("Minerva") letter brief requesting an Order compelling the production of Hologic's Design History File ("DHF") for NovaSure. (D.I. 210.)

      Minerva argues that NovaSure's DHF should be produced because it is "the same kind of file" that the Court compelled Minerva to produce in January 2017. (D.I. 210, Ex. 1 at 34:5-13.) Minerva's "me too" argument ignores the differences between the parties. Minerva's Endometrial Ablation System ("Minerva System") is accused of infringing the patents-in-suit, but Hologic's NovaSure is not accused of infringing any patents. Minerva fails to cite any authority for the broad proposition that it would be "unfair for Minerva to not have the same kind of documents" that it was compelled to produce. (D.I. 210 at 2.) Minerva's burden is to show that the documents it is seeking are relevant to a claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). As shown below, Minerva fails to establish the relevance of NovaSure's DHF and that it would be proportional to the needs of the case if Hologic has already produced technical documentation for NovaSure. *Novanta Corp. v. Iradion Laser, Inc.*, C.A. No. 15-1033-SLR-SRF, 2016 WL 4987110, at *2, *4 (D. Del. Sept. 16, 2016).

      Minerva's arguments on relevance are belied by the timing and substance of its Request for Production 36. Minerva lacked any interest in the NovaSure DHF until the day after Hologic moved to compel production of Minerva's DHF – only then did Minerva ask for Hologic's DHF. (D.I. 210 at 1.) Moreover, Minerva's interest in NovaSure's DHF was merely conditional – it sought Hologic's DHF "only to the extent Minerva is required to do the same[.]" (D.I. 210, Ex. 2 at 3-4.) If Minerva believed that Hologic's DHF was relevant to this case, it should have

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Honorable Sherry R. Fallon
March 24, 2017
Page 2

sought these documents regardless of whether Minerva was compelled to produce its own DHF on the accused product.

In any event, Minerva is wrong when it argues that the relevance of Hologic's DHF is somehow tied to the relevance of Minerva's DHF. Again, Minerva ignores the fundamental difference between the products: Minerva's is accused of infringing a patent, and Hologic's is not. Hologic sought and obtained Minerva's DHF because it was "highly relevant to the issues of copying, willfulness, and design-around efforts." (D.I. 164 at 3). Minerva asserts that it needs the NovaSure DHF "to defend against such claims," (D.I. 210 at 2) but fails to explain why the DHF for the patentee's product would have any bearing on an accused infringer's copying, willfulness and design-around efforts. Minerva does not need Hologic's DHF to defend against any of these issues. As for willfulness and design-around efforts, that evidence is based on Minerva's activities, not Hologic's. As to copying, any copyable features of the NovaSure were already known by the former Hologic employees who co-founded Minerva and/or would be apparent from the NovaSure's product and public literature, not from Hologic's confidential DHF.

Minerva argues that NovaSure's DHF is relevant to rebut Hologic's contention that its NovaSure product practices one or more claims of the patents-in-suit. (D.I. 210 at 2.) This argument also lacks merit. Minerva does not need NovaSure's DHF to evaluate whether Hologic practices the claimed inventions, as Hologic has already produced NovaSure technical documentation from which Minerva can evaluate how NovaSure practices one or more claims of the patents-in-suit.[1] Minerva has not attempted to show why this information is insufficient or otherwise incomplete. Thus, NovaSure's DHF is, at most, cumulative of information already provided to Minerva. *See Cooperative v. Braintree Labs., Inc.*, C.A. No. 07-142-SLR, 2011 WL 13098292, at *2-3 (D. Del. June 15, 2011) (finding requested material cumulative where defendant already had "a great deal of data" and the requested material was not required for defendant's analysis); *Novartis Pharm. Corp. v. Abbott Labs.*, 203 F.R.D. 159, 164 (D. Del. 2001) (denying plaintiff's motion to compel production of defendant's entire foreign regulatory file as duplicative and cumulative where defendant already had produced the "core foreign applications").

Minerva next asserts that NovaSure's DHF could be relevant to rebut a claim of infringement under the doctrine of equivalents "by showing substantial differences between ***NovaSure*** and Minerva's accused product[.]" (D.I. 210 at 2 (emphasis added).) The relevant inquiry under the doctrine of equivalents is between the accused product and the claimed invention — not the patentee's embodiment. *See Catalina Marketing International, Inc. v.*

---

[1] Hologic did not seek Minerva's DHF to prove infringement. (D.I. 210, Ex. 1 at 22:14-47 ("In terms of understanding the product and how it works in its structures currently, I think we do have an understanding of that from the [existing] documents.").) Instead, as shown above, Minerva's DHF was "highly relevant to the issues of copying, willfulness, and design-around efforts." (D.I. 164 at 3).

Young Conaway Stargatt & Taylor, LLP
Honorable Sherry R. Fallon
March 24, 2017
Page 3

*Coolsavings.com, Inc.*, 289 F.3d 801, 813 (Fed. Cir. 2002) ("An element in the accused product is equivalent *to a claim limitation* if the differences between the two are 'insubstantial' to one of ordinary skill in the art.  Insubstantiality may be determined by whether the accused device 'performs substantially the same function in substantially the same way to obtain the same result' as *the claim limitation*." (emphasis added and citation omitted).  Thus, the NovaSure DHF has no relevance to Minerva's infringement under the doctrine of equivalents.

Similarly, NovaSure's DHF is not relevant to Minerva's willful infringement.  Willfulness pertains to the accused infringer's development activities and knowledge of the patents-in-suit.  *See generally Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016).  In any event, Hologic has already produced evidence establishing that all of the claimed features were incorporated into the NovaSure commercial device before Minerva's formation in 2008.

Accordingly, Hologic respectfully requests that the Court deny Minerva's request for an Order compelling production of Hologic's DHF for NovaSure.

    Respectfully submitted,

    */s/ Karen L. Pascale*

    Karen L. Pascale (No. 2903)
    kpascale@ycst.com

cc:  Counsel of Record via CM/ECF