## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

HOLOGIC, INC., AND CYTYC SURGICAL
PRODUCTS, LLC,

               Plaintiffs,

v.

MINERVA SURGICAL, INC.,

               Defendant.

C.A. No. 15-1031-JFB-SRF

## [PLAINTIFFS' PROPOSED] VERDICT FORM

*Of Counsel:*

Matthew M. Wolf
Marc A. Cohn
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave., NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
matthew.wolf@arnoldporter.com
marc.cohn@arnoldporter.com

Ryan Casamiquela
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center
San Francisco, CA 94111-4024
Telephone: (415) 471-3100
ryan.casamiquela@arnoldporter.com

David A. Caine
Philip W. Marsh
Assad H. Rajani
**ARNOLD & PORTER KAYE SCHOLER LLP**
Five Palo Alto Square
3000 El Camino Real, Suite 500
Palo Alto, CA 94306
Telephone: (650) 319-4500
david.caine@arnoldporter.com
philip.marsh@arnoldporter.com
assad.rajani@arnoldporter.com

Karen L. Pascale (#2903)
Pilar G. Kraman (#5199)
**YOUNG CONAWAY STARGATT & TAYLOR LLP**
Rodney Square
1000 North King Street
Wilmington, DE  19801
Telephone: (302) 571-6600
kpascale@ycst.com
pkraman@ycst.com

*Attorneys for Plaintiffs Hologic, Inc.
 and Cytyc Surgical Products, LLC*

June 11, 2018

**INSTRUCTIONS**:  Please follow the directions provided throughout Verdict Form. Your answer to each question must be unanimous.  Please refer to the Jury Instructions for guidance on the law applicable to each question. Throughout this form, "Hologic" means Plaintiffs Hologic, Inc. and Cytyc Surgical Products, LLC and "Minerva" means Defendant Minerva Surgical, Inc.

1.      **INFRINGEMENT**

Do you find that Hologic has proven, by a preponderance of the evidence, that Minerva infringed any of the following claims of the Patents-in-Suit?

*You must answer YES or NO for <u>every</u> claim.*

*YES is a finding for Hologic.  NO is a finding for Minerva.*

| U.S. Patent No. 6,872,183 ("the '183 Patent") | | |
|---|---|---|
| **CLAIM 7** | ☐ YES | ☐ NO |
| **CLAIM 9** | ☐ YES | ☐ NO |
| **CLAIM 11** | ☐ YES | ☐ NO |
| **CLAIM 13** | ☐ YES | ☐ NO |
| **CLAIM 14** | ☐ YES | ☐ NO |

| U.S. Patent No. 9,095,348 ("the '348 Patent") | | |
|---|---|---|
| **CLAIM 1** | ☐ YES | ☐ NO |

If you answered YES to at least one claim above, proceed to <u>Question 2</u>.  If you answered NO to <u>*all*</u> claims above, proceed to <u>Question 3</u>.

2.      **WILLFUL INFRINGEMENT**

Do you find that Hologic has proven, by a preponderance of the evidence, that Minerva's infringement has been willful?

*YES is a finding for Hologic.  NO is a finding for Minerva.*

☐ YES          ☐ NO

Proceed to <u>Question 3</u>.

3.      **ASSIGNOR ESTOPPEL**[1]

Do you find that Minerva is in privity with any of the named inventors of the Patents-in-Suit such as Csaba Truckai?

☐ YES          ☐ NO

*YES is a finding for Hologic.  NO is a finding for Minerva.*

Proceed to <u>Question 4</u>.

---

[1] Although proposed herein, Hologic contends that assignor estoppel should be decided as matter of law pursuant to Hologic's pending motion for summary judgment.

4.     **INVALIDITY (ENABLEMENT UNDER 35 U.S.C. § 112)**[2]

Do you find that Minerva has proven, by clear and convincing evidence, that any of the following claims are invalid for lack of enablement under 35 U.S.C. § 112?

*You must answer YES or NO for every claim.*

*YES is a finding for Minerva.  NO is a finding for Hologic.*

| U.S. Patent No. 6,872,183 ("the '183 Patent") | | |
|---|---|---|
| **CLAIM 7** | ☐ YES | ☐ NO |
| **CLAIM 9** | ☐ YES | ☐ NO |
| **CLAIM 11** | ☐ YES | ☐ NO |
| **CLAIM 13** | ☐ YES | ☐ NO |
| **CLAIM 14** | ☐ YES | ☐ NO |

| U.S. Patent No. 9,095,348 ("the '348 Patent") | | |
|---|---|---|
| **CLAIM 1** | ☐ YES | ☐ NO |

Proceed to Question 5.

---

[2] Although proposed herein, Hologic contends that Minerva's invalidity defenses and counterclaims are barred by assignor estoppel.

5.    **INVALIDITY – (WRITTEN DESCRIPTION UNDER 35 U.S.C. § 112)**[3]

Do you find that Minerva has proven, by clear and convincing evidence, that any of the following claims are invalid for lack of written description under 35 U.S.C. § 112?

*You must answer YES or NO for __every__ claim.*

*YES is a finding for Minerva.  NO is a finding for Hologic.*

| U.S. Patent No. 6,872,183 ("the '183 Patent") | | |
|:---:|:---:|:---:|
| **CLAIM 7** | ☐ YES | ☐ NO |
| **CLAIM 9** | ☐ YES | ☐ NO |
| **CLAIM 11** | ☐ YES | ☐ NO |
| **CLAIM 13** | ☐ YES | ☐ NO |
| **CLAIM 14** | ☐ YES | ☐ NO |

| U.S. Patent No. 9,095,348 ("the '348 Patent") | | |
|:---:|:---:|:---:|
| **CLAIM 1** | ☐ YES | ☐ NO |

Proceed to __Question 6__.

---

[3] Although proposed herein, Hologic contends that Minerva's invalidity defenses and counterclaims are barred by assignor estoppel.

**6.     PATENT DAMAGES**

If you found that Minerva infringed at least one valid claim of the Patents-in-Suit, what damages do you find that has Hologic proved, by a preponderance of evidence?

Damages: $ _____

Proceed to <u>Question 7</u>.

7.      **UNFAIR COMPETITION (15 U.S.C. § 1125) – HOLOGIC'S CLAIM**

7.a      Do you find that Hologic has proven, by a preponderance of the evidence, that Minerva engaged in unfair competition under the Lanham Act at 15 U.S.C. § 1125(a)(1)(A)?

*YES is a finding for Hologic.  NO is a finding for Minerva.*

☐ YES          ☐ NO

7.b      If you found that Minerva engaged in unfair competition under the Lanham Act, do you find that Hologic has proven, by a preponderance of the evidence, that Minerva's unfair competition has been willful?

*YES is a finding for Hologic.  NO is a finding for Minerva.*

☐ YES          ☐ NO

Proceed to <u>Question 8</u>.

8.    **DAMAGES FOR UNFAIR COMPETITION (15 U.S.C. § 1125) -
      HOLOGIC'S CLAIM**


If you found that Minerva engaged in unfair competition under the Lanham Act

(Question 7.a), what damages do you find that Hologic has proved, by a preponderance of

evidence?


Damages: $ _____


Proceed to <u>Question 9</u>.

9.    **UNFAIR COMPETITION (DELAWARE COMMON LAW) -
HOLOGIC'S CLAIM**

9.a     Do you find that Hologic has proven, by a preponderance of the evidence, that

Minerva engaged unfair competition under Delaware common law?

*YES is a finding for Hologic.  NO is a finding for Minerva.*

☐ YES          ☐ NO

9.b     If you found that Minerva engaged in unfair competition, do you find that Hologic

has proven, by a preponderance of the evidence, that Minerva's unfair competition has been

willful?

*YES is a finding for Hologic.  NO is a finding for Minerva.*

☐ YES          ☐ NO

Proceed to Question 10.

**10.     DECEPTIVE TRADE PRACTICES (6 DEL. C. § 2352) - HOLOGIC'S CLAIM**

10.a     Do you find that Hologic has proven, by a preponderance of the evidence, that Minerva engaged in deceptive trade practices under 6 Del. § 2352?

*YES is a finding for Hologic.  NO is a finding for Minerva.*

☐ YES          ☐ NO

10.b     If you found that Minerva engaged in deceptive trade practices, do you find that Hologic has proven, by a preponderance of the evidence, that Minerva's deceptive trade practices were willful?

*YES is a finding for Hologic.  NO is a finding for Minerva.*

☐ YES          ☐ NO

Proceed to <u>Question 11</u>.

**11.    TORTIOUS INTERFERENCE (DELAWARE COMMON LAW) -
        HOLOGIC'S CLAIM**

11.a    Do you find that Hologic has proven, by a preponderance of the evidence, that Minerva tortiously interfered with Hologic's business relationships under Delaware common law?

*YES is a finding for Hologic.  NO is a finding for Minerva.*

☐ YES          ☐ NO

11.b    If you found that Minerva tortiously interfered with Hologic's business relationships under Delaware common law, do you find that Hologic has proven, by a preponderance of the evidence, that Minerva's tortious interference has been willful?

*YES is a finding for Hologic.  NO is a finding for Minerva.*

☐ YES          ☐ NO

Proceed to <u>Question 12</u>.

12.     **STATE LAW DAMAGES – HOLOGIC'S CLAIMS**

12.a     If you found that Minerva engaged in unfair competition under Delaware common law (Question 9.a), deceptive trade practices (Question 10.a), or tortious interference (Question 11.a), what damages do you find that Hologic has proved, by a preponderance of the evidence?

This amount should <u>exclude</u> any damages you awarded to Hologic in Question 8.

Damages: $ _____

12.b     If you found that Minerva acted willfully when it engaged in unfair competition under Delaware common law (Question 9.b), deceptive trade practices (Question 10.b), or tortious interference (Question 11.b), what punitive damages, if any, do you award to Hologic?

Punitive Damages: $ _____

Proceed to <u>Question 13</u>.

**13.    UNFAIR COMPETITION (15 U.S.C. § 1125) – MINERVA'S CLAIM**

13.a    Do you find that Minerva has proven, by a preponderance of the evidence, that Hologic engaged in unfair competition under the Lanham Act at 15 U.S.C. § 1125(a)(1)(A)?

*YES is a finding for Minerva.  NO is a finding for Hologic.*

☐ YES          ☐ NO

13.b    If you found that Hologic engaged in unfair competition under the Lanham Act, do you find that Minerva has proven, by a preponderance of the evidence, that Hologic's false advertising has been willful?

*YES is a finding for Minerva.  NO is a finding for Hologic.*

☐ YES          ☐ NO

Proceed to <u>Question 14</u>.

14.     **FALSE ADVERTISING (15 U.S.C. § 1125) – MINERVA'S CLAIM**

14.a     Do you find that Minerva has proven, by a preponderance of the evidence, that Hologic engaged in false advertising under the Lanham Act at 15 U.S.C. § 1125(a)(1)(B)?

*YES is a finding for Minerva.  NO is a finding for Hologic.*

☐ YES          ☐ NO

14.b     If you found that Hologic engaged in false advertising under the Lanham Act, do you find that Minerva has proven, by a preponderance of the evidence, that Hologic's false advertising has been willful?

*YES is a finding for Minerva.  NO is a finding for Hologic.*

☐ YES          ☐ NO

Proceed to Question 15.

**15.    DAMAGES FOR UNFAIR COMPETITION AND FALSE ADVERTISING (15 U.S.C. § 1125(a)(1)(A) and § 1125(a)(1)(B)) —MINERVA'S CLAIM**

15.a    If you found that Hologic engaged in unfair competition under the Lanham Act (Question 13.a), what damages do you find that Minerva has proved, by a preponderance of evidence?

Damages: $ _____

15.b    If you found that Hologic engaged in false advertising under the Lanham Act (Question 14.a), what damages do you find that Minerva has proved, by a preponderance of evidence?

This amount should <u>exclude</u> any damages you awarded to Minerva in Question 15.a.

Damages: $ _____

Proceed to <u>Question 16</u>.

16.     **UNFAIR COMPETITION (DELAWARE COMMON LAW) - MINERVA'S CLAIM**

16.a     Do you find that Minerva has proven, by a preponderance of the evidence, that Hologic engaged unfair competition under Delaware common law?

*YES is a finding for Minerva.  NO is a finding for Hologic.*

☐ YES          ☐ NO

16.b     If you found that Hologic engaged in unfair competition, do you find that Minerva has proven, by a preponderance of the evidence, that Hologic's unfair competition has been willful?

*YES is a finding for Hologic.  NO is a finding for Minerva.*

☐ YES          ☐ NO

Proceed to <u>Question 17</u>.

17.     **DECEPTIVE TRADE PRACTICES (6 DEL. C. § 2352) – MINERVA'S CLAIM**

Do you find that Minerva has proven, by a preponderance of the evidence, that Hologic

engaged in deceptive trade practices under 6 Del. § 2352?


*YES is a finding for Minerva.  NO is a finding for Hologic.*


☐ YES          ☐ NO


Proceed to <u>Question 18</u>.

18.   **TORTIOUS INTERFERENCE (DELAWARE COMMON LAW) -
       MINERVA'S CLAIM**

Do you find that Minerva has proven, by a preponderance of the evidence, that Hologic

tortiously interfered with Minerva's business relationships under Delaware common law?

*YES is a finding for Minerva.  NO is a finding for Hologic.*

☐ YES          ☐ NO

Proceed to <u>Question 19</u>.

19.    **BREACH OF CONTRACT - MINERVA'S CLAIM**

Do you find that Minerva has proven, by a preponderance of the evidence, that Hologic breached any of its obligations under the January 6, 2010 Mutual Non-Disclosure Agreement?

*YES is a finding for Minerva.  NO is a finding for Hologic.*

☐ YES          ☐ NO

Proceed to <u>Question 20</u>.

**20.      STATE LAW DAMAGES – MINERVA'S CLAIMS**

20.a     If you found that Hologic engaged in unfair competition under Delaware common law (Question 16.a), deceptive trade practices (Question 17.a), tortious interference (Question 18.a), or breach of contract (Question 19.a), what damages do you find that Minerva has proved, by a preponderance of the evidence?

This amount should <u>exclude</u> any damages you awarded to Minerva for violations of the Lanham Act (Questions 15.a and 15.b).

Damages: $ _____

20.b     If you found that Minerva acted willfully when it engaged in unfair competition under Delaware common law (Question 16.a), what punitive damages, if any, do you award to Minerva?

Punitive Damages: $ _____

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations.

The Foreperson should sign and date the verdict form in the spaces below and notify the Court Security Officer that you have reached a verdict.

The Foreperson should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.

DATED: _____

                                                 _____
FOREPERSON

                                                 _____
JUROR

                                                 _____
JUROR

                                                 _____
JUROR

                                                 _____
JUROR

                                                 _____
JUROR

                                                 _____
JUROR

                                                 _____
JUROR

01:23312467.1

## <u>CERTIFICATE OF SERVICE</u>

I, Karen L. Pascale, Esquire, hereby certify that on June 11, 2018, I caused to be

electronically filed a true and correct copy of the foregoing document with the Clerk of the Court

using CM/ECF (which will send notification that such filing is available for viewing and

downloading to all registered counsel), and in addition caused true and correct copies of the

foregoing document to be served upon the following counsel of record by electronic mail:

| |
|---|
| ***Attorneys for Defendant Minerva Surgical, Inc.:*** |
| Benjamin J. Schladweiler          schladweilerb@gtlaw.com<br>**GRRENBERG TRAURIG LLP**<br>The Nemours Building<br>1007 North Orange Street<br>Suite 1200<br>Wilmington, DE 19801 |
| Vera M. Elson                          velson@wsgr.com<br>Dale R. Bish                             dbish@wsgr.com<br>Christopher D. Mays                 cmays@wsgr.com<br>**WILSON SONSINI GOODRICH & ROSATI**<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050 |
| Olivia M. Kim                          okim@wsgr.com<br>Neil N. Desai                           ndesai@wsgr.com<br>Edward G. Poplawski              epoplawski@wsgr.com<br>**WILSON SONSINI GOODRICH & ROSATI**<br>633 West Fifth Street, Suite 1550<br>Los Angeles, CA 90071 |

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Karen L. Pascale*

June 11, 2018

_____
Karen L. Pascale (No. 2903) *[kpascale@ycst.com]*
Pilar G. Kraman (#5199) *[pkraman@ycst.com]*
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  302-571-6600

*Attorneys for Plaintiffs, Hologic, Inc.
and Cytyc Surgical Products, LLC*

01:17986910.1

2