**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| HOLOGIC, INC., and CYTYC SURGICAL PRODUCTS, LLC,<br><br>      Plaintiffs,<br><br>  v.<br><br>MINERVA SURGICAL, INC.,<br><br>      Defendant. | C.A. No.: 15-1031-JFB-SRF |

**PLAINTIFFS' MOTION *IN LIMINE* NO. 1 TO EXCLUDE REFERENCE TO OR USE OF *INTER PARTES* REVIEW PROCEEDINGS RELATING TO THE '183 PATENT-IN-SUIT**

*Of Counsel:*

Matthew M. Wolf
Marc A. Cohn
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave., NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
matthew.wolf@arnoldporter.com
marc.cohn@arnoldporter.com

Ryan J. Casamiquela
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center
San Francisco, CA 94111-4024
Telephone: (415) 471-3100
ryan.casamiquela@arnoldporter.com

David A. Caine
Philip W. Marsh
Assad H. Rajani
**ARNOLD & PORTER KAYE SCHOLER LLP**
Five Palo Alto Square
3000 El Camino Real, Suite 500
Palo Alto, CA 94306
Telephone: (650) 319-4500
david.caine@arnoldporter.com
philip.marsh@arnoldporter.com
assad.rajani@arnoldporter.com

Karen L. Pascale (#2903)
Pilar G. Kraman (#5199)
**YOUNG CONAWAY STARGATT & TAYLOR LLP**
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
kpascale@ycst.com
pkraman@ycst.com

*Attorneys for Plaintiffs, Hologic, Inc.*
*and Cytyc Surgical Products, LLC*

June 25, 2018

Plaintiffs Hologic, Inc. and Cytyc Surgical Products, LLC (collectively, "Hologic") respectfully request an Order *in limine* precluding defendant Minerva Surgical, Inc. ("Minerva") from referencing or using at trial the *Inter Partes* Review proceeding regarding U.S. Patent No. 6,872,183 ("the '183 Patent") (case number IPR2016-00868), including reference to or use of the Patent Office's decision in that proceeding that is pending appeal before the Federal Circuit.[1]

*First*, the Patent Office's decision is not binding on the district court and is still on appeal to the Federal Circuit and, therefore, any reference to it or to the proceeding generally would be highly prejudicial to Hologic at trial. The invalidity grounds raised in the IPR proceeding are different than those in this case, and the jury would not understand how they relate at all to Minerva's defenses. Moreover, the jury likely does not understand how to weigh a decision that is subject to appeal and that may be reversed, and it will give the Patent Office decision far more weight than it should be given. The jury also likely does not understand how the different burden of proof and claim construction rules at that Patent Office compare to those in district court, and this makes the prejudice even greater. Should the Federal Circuit reverse (or even criticize) the Patent Office's decision, the jury will have already been tainted, and a re-trial might be necessary. Given that the Patent Office's decision is not binding and the Federal Circuit has not ruled on it, courts routinely exclude any reference to or reliance on the Patent Office's decision at trial under Rule 403. *See, e.g.*, *Callaway Golf Co. v. Acushnet Co.*, 576 F.3d 1331, 1343 (Fed. Cir. 2009) (applying Third Circuit law, finding that the results of the Patent Office proceedings were "not binding" on the district court and the "prejudicial nature of evidence" "outweighed whatever marginal probative or corrective value"); *Personalized User Model,*

---

[1] On December 15, 2017, the Patent Office issued a decision in the IPR2016-00868 proceedings finding claims in the '183 Patent unpatentable under 35 U.S.C. § 103. (D.I. 367, ¶ 13.) On February 9, 2018, Hologic timely appealed the Patent Office's decision, and that appeal is pending at the Federal Circuit. (D.I. 323 at 2.)

1

*L.L.P. v. Google Inc.*, No. CV 09-525-LPS, 2014 WL 807736, at *3 (D. Del. Feb. 27, 2014) (excluding any reference to Patent Office proceedings "given the non-finality of the reexamination proceedings (appeal rights have not been exhausted) . . . the probative value of the reexamination evidence is substantially outweighed by the risk of unfair prejudice"); *Belden Techs. Inc. v. Superior Essex Commc'ns LP*, 802 F. Supp. 2d 555, 569 (D. Del. 2011) ("final" decision by Patent Office "not binding on the court" and "far more prejudicial than probative").

*Second*, there is no probative value to the non-binding decision in the '183 IPR proceeding.  That proceeding concerns invalidity theories that Minerva did not allege in this case and cannot be presented at trial.  Specifically, the IPR proceeding regarding the '183 Patent only addressed invalidity due to obviousness under 35 U.S.C. § 103.  At trial, however, Minerva does not assert obviousness as a defense.  Minerva relies only on 35 U.S.C. § 112, which concerns whether the specification enables and provides written description for the claimed invention.  (D.I. 367, ¶¶ 8-9.)  Because the IPR decision under Section 103 has no bearing on the jury's independent determination of Minerva's Section 112 defenses, the IPR decision should be excluded.  *Callaway*, 576 F.3d at 1343 (reexamination determinations "were of little relevance to the jury's independent deliberations on the factual issues underlying the question of [invalidity]."); *Belden Techs.*, 802 F. Supp. 2d at 569 (invalidity arguments at Patent Office are "in a very different context than during trial"; excluding as "far more prejudicial than probative").

*Third*, Minerva should be precluded from referencing the '183 IPR proceeding because it is estopped from challenging the validity of any of the Patents-in-Suit under the doctrine of assignor estoppel.  (D.I. 291 at 14-20 (pending motion for summary judgment).)  Minerva has acknowledged that the Court should rule on assignor estoppel as a matter of law.  (D.I. 367 Ex. 5

at 10 n.3 (Minerva Issues of Law to be Litigated) ("The doctrine of assignor estoppel is a purely legal question which should be resolved by the Court on summary judgment, or otherwise at a bench trial after the jury trial.").)  The application of assignor estoppel would prevent the unfairness of Minerva asserting that the very patents it invented and sold to Hologic for hundreds of millions of dollars were actually invalid.  Assignor estoppel should not only remove the issue of invalidity from the jury, but also render references to the '183 IPR proceedings improper.

**Fourth**, reference to the '183 IPR proceeding would also present a substantial danger of confusing the issues and misleading the jury.  *See* Fed. R. Evid. 403.  IPR proceedings are different from district court litigation and apply different burdens of proof and different legal standards, including for claim construction.  It would be difficult, if not impossible, to instruct a jury on these nuances.  *See Personalized User Model*, 2014 WL 807736, at *3 (excluding any reference to the Patent Office proceedings because of the "different standards applicable" to patent office proceedings and litigation "risk confusing the jury"); *Callaway*, 576 F.3d at 1343 (risk of jury confusion is "high" if evidence from Patent Office proceedings introduced); *Belden Techs.*, 802 F. Supp. 2d at 569 (admitting the final results at the Patent Office "would have only served to confuse the jury").  Accordingly, the introduction of evidence regarding the IPR proceeding presents a substantial risk of jury confusion.

For the foregoing reasons, Hologic respectfully requests an order *in limine* precluding Minerva from referencing or using the IPR proceeding related to the '183 Patent at trial.

| | |
|---|---|
| DATED: June 25, 2018 | **YOUNG CONAWAY STARGATT & TAYLOR LLP** |
| *Of Counsel:* | */s/ Karen L. Pascale* |
| | _____ |
| Matthew M. Wolf | Karen L. Pascale (#2903) |
| Marc A. Cohn | Pilar G. Kraman (#5199) |
| **ARNOLD & PORTER KAYE SCHOLER LLP** | Rodney Square |
| 601 Massachusetts Ave., NW | 1000 North King Street |
| Washington, DC 20001-3743 | Wilmington, DE 19801 |
| Telephone: (202) 942-5000 | Telephone: (302) 571-6600 |
| matthew.wolf@arnoldporter.com | kpascale@ycst.com |
| marc.cohn@arnoldporter.com | pkraman@ycst.com |
| | |
| Ryan Casamiquela | *Attorneys for Plaintiffs, Hologic, Inc.* |
| **ARNOLD & PORTER KAYE SCHOLER LLP** | *and Cytyc Surgical Products, LLC* |
| Three Embarcadero Center | |
| San Francisco, CA 94111-4024 | |
| Telephone: (415) 471-3100 | |
| ryan.casamiquela@arnoldporter.com | |
| | |
| David A. Caine | |
| Philip W. Marsh | |
| Assad H. Rajani | |
| **ARNOLD & PORTER KAYE SCHOLER LLP** | |
| Five Palo Alto Square | |
| 3000 El Camino Real, Suite 500 | |
| Palo Alto, CA 94306 | |
| Telephone: (650) 319-4500 | |
| david.caine@arnoldporter.com | |
| philip.marsh@arnoldporter.com | |
| assad.rajani@arnoldporter.com | |