# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| HOLOGIC, INC. and CYTYC SURGICAL PRODUCTS, LLC, | ) ) ) ) | |
| Plaintiffs and Counterdefendants, | ) ) ) ) | |
| v. | ) ) | C.A. No. 15-1031-JFB-SRF |
| MINERVA SURGICAL, INC., | ) ) | **JURY TRIAL DEMANDED** |
| Defendant and Counterclaimant. | ) ) ) ) ) | **REDACTED PUBLIC VERSION** |

## DEFENDANT MINERVA SURGICAL, INC.'S MOTION *IN LIMINE* NO. 6: TO EXCLUDE EVIDENCE AND ARGUMENT CONCERNING PRICE EROSION

*Of Counsel*:

Vera M. Elson
Dale R. Bish
Christopher D. Mays
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA  94304
(650) 493-9300

Edward G. Poplawski
Olivia M. Kim
Erik Carlson
Neil N. Desai
WILSON SONSINI GOODRICH & ROSATI, P.C.
633 West Fifth Street, Suite 1550
Los Angeles, CA  90071
(323) 210-2900


Dated:  June 25, 2018

GREENBERG TRAURIG, LLP
Benjamin J. Schladweiler (#4601)
The Nemours Building
1007 North Orange Street
Suite 1200
Wilmington, DE  19801
(302) 661-7000
schladweilerb@gtlaw.com

*Counsel for Defendant and Counterclaimant Minerva Surgical, Inc.*

Minerva respectfully moves *in limine* under FED. R. EVID. 104, 402, 403, and 803 to preclude Hologic from offering any argument, exhibit, or testimony referring to alleged price erosion as a result of competition from Minerva. After initially asserting price erosion to support its preliminary injunction motion, Hologic has now expressly disclaimed that theory altogether.

█████████████████████████████████████████████████████████████████

████████████████████████████████████ Evidence of price erosion therefore lacks required foundation. Further, it is irrelevant and, even if relevant, should be excluded as unfairly prejudicial to Minerva and unnecessarily confusing and delay inducing.

At the outset of this case, Hologic sought a preliminary injunction and asserted price erosion based on declarations from its Chief Operating Officer and its Vice President of Sales as well as anecdotal hearsay. *See* D.I. 16 (Compton Decl. at 3-4); D.I. 19 (Parachek Decl. at 5-6).





Ex. 77 at 150:4-151:9.

*Id.* at ¶97 (emphasis added).

*Id.* (emphasis added).

Despite disclaiming this theory of damages, it appears Hologic nevertheless intends to introduce evidence of price erosion at trial, including excerpts from Mr. Compton's testimony

---

[1]

D.I. 284, Ex 89 at 65:6-66:23; 78, 98:3-13.

[2] Examples of data that Mr. Barry said were needed, but not available, include: "pricing data from other competitors to evaluate against NovaSure pricing," "complex reimbursement rate data across various coverage providers (i.e., various commercial insurance carriers, Medicare/Medicaid," and the "elasticity of demand impacts on NovaSure volume." D.I. 282, Ex. 52 at 33.

████████████████████████████████████████████████████████

███████████████████████████████████████████████ Ex. B, 02/19/16

Compton Tr. 88:10-23. ████████████████████████████

████████████████████████████████████████████ *See, e.g.*, PTX-

365, PTX-366, PTX-367, PTX-368, PTX-369, PTX-404, PTX-402, PTX-407.

Hologic should be precluded from presenting such evidence and argument at trial. First,

price erosion is irrelevant given Hologic's express abandonment of that theory (FED. R. EVID.

402) and the evidence lacks ***foundational*** relevance given its economic invalidity.  FED. R. EVID.

104; *Rolls-Royce PLC v. United Techs. Corp.*, No. 1:10cv457 (LMB/JFA), 2011 U.S. Dist.

LEXIS 48984, at *11-13 (E.D. Va. May 4, 2011) (granting *motion in limine* precluding evidence

of price erosion given lack of valid economic support) (citing *Crystal Semiconductor Corp. v.*

*Tritech Microelectronics Int'l*, 246 F.3d 1336, 1357 (Fed. Cir. 2001)). Second, such evidence

(included testimony that was later rebuked) is misleading and its use at trial will cause juror

confusion, delay the proceedings, and prejudice Minerva. FED. R. EVID. 403; *Enova Tech. Corp.*

*v. Initio Corp.*, Case No. 1:10-cv-00004-LPS, D.I. 458 (D. Del. Jan 13, 2013) (excluding price

erosion evidence under Rules 402/403 where plaintiff is not seeking, and cannot demonstrate

price erosion). Moreover, any anecdotal instance of pricing impacts to NovaSure depends on

hearsay from customers whose testimony Hologic chose not to seek. FED. R. EVID. 801.

Finally, to the extent Hologic contends evidence of price erosion is relevant to its request

for equitable relief, which is the relief that Hologic is actually seeking on its non-patent claims,

the introduction of such issues to the jury will only delay the proceedings and further confuse the

jury with issues that can and should be raised separately to the Court. *Sanijet Corp v. Jacuzzi,*

*Inc.*, No. 3:01cv0897-P, 2002 WL 1398456, at *2 (N.D. Tex. Feb 14, 2002).

Respectfully submitted,

GREENBERG TRAURIG, LLP

*Of Counsel*:

Vera M. Elson
Dale R. Bish
Christopher D. Mays
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA  94304
(650) 493-9300
velson@wsgr.com
dbish@wsgr.com
cmays@wsgr.com

Edward G. Poplawski
Olivia M. Kim
Erik Carlson
Neil N. Desai
WILSON SONSINI GOODRICH & ROSATI, P.C.
633 West Fifth Street, Suite 1550
Los Angeles, CA  90071
(323) 210-2900
epoplawski@wsgr.com
okim@wsgr.com
ecarlson@wsgr.com
ndesai@wsgr.com

*/s/ Benjamin J. Schladweiler*
Benjamin J. Schladweiler (#4601)
The Nemours Building
1007 North Orange Street
Suite 1200
Wilmington, DE  19801
(302) 661-7000
schladweilerb@gtlaw.com

*Counsel for Defendant and Counterclaimant
Minerva Surgical, Inc.*

Dated:  June 25, 2018

4

## CERTIFICATE OF SERVICE

I, Benjamin J. Schladweiler, hereby certify that on June 25, 2018, I caused the foregoing

*Defendant Minerva Surgical, Inc.'s Motion In Limine No. 6: to Exclude Evidence and*

*Argument Concerning Price Erosion* to be served via electronic mail upon the following

counsel of record:

Karen L. Pascale
Pilar G. Kraman
James L. Higgins
YOUNG CONAWAY STARGATT & TAYLOR LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
kpascale@ycst.com
pkraman@ycst.com
jhiggins@ycst.com

Amie L. Medley
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
amie.medley@apks.com

Ryan J. Casamiquela
ARNOLD & PORTER KAYE SCHOLER LLP
10th Floor, Three Embarcadero Center
San Francisco, California 94111-4024
ryan.casamiquela@apks.com

*Counsel for Plaintiffs and*
*Counterdefendants Hologic, Inc. and*
*Cytyc Surgical Products, LLC*

Matthew M. Wolf
Edward Han
Marc A. Cohn
William Z. Louden
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, N.W.
Washington, D.C.  20001-3743
matthew.wolf@apks.com
ed.han@apks.com
marc.cohn@apks.com
william.louden@apks.com

Assad Rajani
David A. Caine
Philip W. Marsh
ARNOLD & PORTER KAYE SCHOLER LLP
3000 El Camino Real
Five Palo Alto Square, Suite 500
Palo Alto, California 94306-3807
assad.rajani@apks.com
david.caine@apks.com
philip.marsh@apks.com

Jennifer A. Sklenar
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
jennifer.sklenar@arnoldporter.com

*Counsel for Plaintiffs and*
*Counterdefendants Hologic, Inc. and*
*Cytyc Surgical Products, LLC*

/s/ Benjamin J. Schladweiler
Benjamin J. Schladweiler (#4601)