# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| HOLOGIC, INC. and CYTYC SURGICAL PRODUCTS, LLC, <br><br> Plaintiffs and Counterdefendants, <br><br> v. <br><br> MINERVA SURGICAL, INC., <br><br> Defendant and Counterclaimant. | C.A. No. 15-1031-JFB-SRF <br><br> **JURY TRIAL DEMANDED** <br><br> **REDACTED PUBLIC VERSION** |

## DEFENDANT MINERVA SURGICAL, INC.'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 1 TO EXCLUDE REFERENCE TO OR USE OF *INTER PARTES* REVIEW PROCEEDINGS RELATING TO THE '183 PATENT-IN-SUIT

*Of Counsel*:

Vera M. Elson
Dale R. Bish
Christopher D. Mays
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA  94304
(650) 493-9300

Edward G. Poplawski
Olivia M. Kim
Erik Carlson
Neil N. Desai
WILSON SONSINI GOODRICH & ROSATI, P.C.
633 West Fifth Street, Suite 1550
Los Angeles, CA  90071
(323) 210-2900

GREENBERG TRAURIG, LLP
Benjamin J. Schladweiler (#4601)
The Nemours Building
1007 North Orange Street
Suite 1200
Wilmington, DE  19801
(302) 661-7000
schladweilerb@gtlaw.com

*Counsel for Defendant and Counterclaimant
Minerva Surgical, Inc.*

Dated:  July 2, 2018

Hologic seeks to argue to the jury that Minerva willfully infringed U.S. Patent No. 6,872,183 ("the '183 Patent"), yet at the same time bar Minerva from referencing the IPR proceedings in which Minerva successfully obtained a final written decision from the Patent Trial and Appeal Board ("PTAB") invalidating all 15 claims of that patent. Hologic should not be allowed to hamstring Minerva from using this highly relevant evidence.

The PTAB's decision is undeniably relevant to the question of willfulness for which the focus is Minerva's subjective knowledge. [1] A key jury determination is whether Minerva reasonably believed that the patents were invalid. The PTAB decision and Minerva's initiation of it evinces Minerva's subjective belief that the patent was invalid and the decision is also objective evidence that corroborates Minerva's subjective belief. *Cf. WesternGeco L.L.C. v. ION Geophysical Corp.*, 837 F.3d 1358, 1363 (Fed. Cir. 2016) (noting that after *Halo*, the objective reasonableness of the accused infringer's positions is still relevant).

Tellingly, Hologic does not even attempt to argue otherwise. Despite being aware of Minerva's argument that the IPR proceedings are relevant to willfulness when the parties filed the Proposed Pretrial Order on June 7, 2018 (D.I. 367 at 12 n.3), Hologic's motion, filed several weeks later on June 25, 2018, is completely silent on the issue. Indeed, Hologic does not mention the words "willful" or "willfulness" in its motion. [2] By deliberately ignoring Minerva's arguments, Hologic has waived any argument that the IPR proceedings are irrelevant to

---

[1] *See, e.g.*, *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932-34 (2016); *Exmark Mfg. Co. v. Briggs & Stratton Power Prods.*, 879 F.3d 1332, 1353 (Fed. Cir. 2018). The PTAB's decision is also relevant to damages as evidence of things that happened after the infringement first began is relevant in consideration of evaluating the reasonably royalty. *See, e.g.*, D.I. 373 at 68, 69.

[2] Hologic argues that "[b]ecause the IPR decision under Section 103 has no bearing on the jury's independent determination of Minerva's Section 112 defenses, the IPR decision should be excluded." D.I. 392 at 2. But Minerva did not argue that the IPR proceedings were relevant to Minerva's **written description defense**. Indeed, the invalidity defenses Minerva asserted in this litigation are completely irrelevant to whether Minerva reasonably believed that the patent was invalid under §103, evidenced by the PTAB's decision.

willfulness.[3]

An instructive case is *Integra LifeSciences Corp. v. Hyperbranch Medical Tech., Inc.*, C.A. 15-819 (D. Del. May 18, 2018), which similarly involved a final written decision from the PTAB invalidating certain claims. In *Integra*, Chief Judge Stark held that **not** telling the jury about the PTAB decision would be prejudicial because it would force the defendant "to defend against a claim on which they have prevailed without the jury hearing anything about those proceedings or how they prevailed." D.I. 265-1, Hrg. Tr. at 135:7-19. Similarly, Minerva would be severely prejudiced if it were forced to defend against willfulness claims for an invalid patent, without being able to explain that the patent was actually invalidated, and how it happened.

Hologic's claims of prejudice, on the other hand, ring hollow. **First**, Hologic argues that it would be prejudiced because the PTAB's decision is being appealed to the Federal Circuit and thus is not final and "not binding on the district court." D.I. 392 at 1. But whether the PTAB's decision can be reversed on appeal is irrelevant to whether Minerva had a reasonable belief that the patent was invalid, as it provides objective evidence that Minerva's subjective belief was reasonable. Moreover, as the *Integra* court found in a similar situation, "the odds are that the PTAB decision is going to be affirmed on appeal."[4] D.I. 265-1, Hrg. Tr. at 136:11. This case is a far cry from the cases cited by Hologic, which involve either non-final reexamination proceedings or proceedings that upheld a patent's **validity** (not **invalidity**).[5]

---

[3] *See, e.g.*, Del. LR 7.1.3(c)(2) ("The party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief."); *Viatech Tech. Inc. v. Microsoft Corp.*, No. 14-cv-1226 (RGA), 2017 U.S. Dist. LEXIS 89596, at *20 (D. Del. June 12, 2017) ("Because these arguments were not raised in the opening brief…, they were waived.").

[4] Statistically, "[t]he Federal Circuit affirmed about 3 out of 4 patent rulings" from the PTAB. D.I. 343, Ex. 205 at 3.

[5] *See, e.g., Callaway Golf Co. v. Acushnet Co.*, 576 F.3d 1331, 1343 (Fed. Cir. 2009) (district court did not err by not admitting "**non-final** re-examination determinations"); *Belden Tech. Inc. v. Superior Essex Comms. LP*, 802 F. Supp. 2d 555, 568 (D. Del. 2011) (court did not err by excluding

***Second***, [6] Hologic argues that reference to the '183 IPR proceedings would be "confusing" to the jury because IPR proceedings involve "different burdens of proof and different legal standards" than "district court litigation." D.I. 392 at 1. But the cases that Hologic cites are readily distinguishable as they all involve PTAB proceedings in much earlier stages— i.e., where the PTAB simply denied institution or where it instituted review  but did not yet issue a final written decision. The risk of juror confusion is lower with respect to a final written decision, as there is only one difference between the relevant standards for finding a claim invalid at the PTAB versus a district court (i.e., preponderance versus clear and convincing evidence) rather than multiple layers of differences in an institution decision (i.e., whether there is a reasonable likelihood that a claim will be found unpatentable, under a preponderance of the evidence standard). Indeed, the parties already stipulated to an instruction that explains the difference between the preponderance and clear and convincing standards, demonstrating the relative silliness of Hologic's assertion that it will be "difficult, if not impossible, to instruct a jury on [the] nuances" between PTAB and district court proceedings (D.I. 392 at 3).

---

evidence from a Notice of Intent to Issue Reexamination Certificate, which may or may not have been final, that tended to show the patent's ***validity***); *Personalized User Model, LLP v. Google, Inc.*, No. C.A. No. 09-525-LPS, 2014 WL 807736, at *3 (D. Del. Feb. 27, 2014) (granting MIL given the "***non-finality*** of the reexamination proceedings" as plaintiff was in the process of appealing decisions to the ***PTAB***, not the Federal Circuit); *see also* Ex. M, PTO from *Personalized User Model* at ¶8.

[6] Hologic also argues that the IPR proceedings should be precluded because of assignor estoppel. D.I. 392 at 2-3. But as this Court found, "[a]ssignor estoppel does not limit an assignor's ability to defend a subsequent patent suit in ways other than challenging validity." D.I. 407 at 20. Here, Minerva is not challenging the validity of the '183 Patent, but rather challenging Hologic's claims of willful infringement by using objective evidence that the patent was invalid.

Respectfully submitted,

GREENBERG TRAURIG, LLP

*Of Counsel*:                                    */s/ Benjamin J. Schladweiler*
                                                 Benjamin J. Schladweiler (#4601)
Vera M. Elson                                    The Nemours Building
Dale R. Bish                                     1007 North Orange Street
Christopher D. Mays                              Suite 1200
WILSON SONSINI GOODRICH & ROSATI, P.C.           Wilmington, DE  19801
650 Page Mill Road                               (302) 661-7000
Palo Alto, CA  94304                             schladweilerb@gtlaw.com
(650) 493-9300
velson@wsgr.com
dbish@wsgr.com                                   *Counsel for Defendant and Counterclaimant*
cmays@wsgr.com                                   *Minerva Surgical, Inc.*

Edward G. Poplawski
Olivia M. Kim
Erik Carlson
Neil N. Desai
WILSON SONSINI GOODRICH & ROSATI, P.C.
633 West Fifth Street, Suite 1550
Los Angeles, CA  90071
(323) 210-2900
epoplawski@wsgr.com
okim@wsgr.com
ecarlson@wsgr.com
ndesai@wsgr.com


Dated:  July 2, 2018

## CERTIFICATE OF SERVICE

I, Benjamin J. Schladweiler, hereby certify that on July 2, 2018, I caused the foregoing *Defendant Minerva Surgical, Inc.'s Opposition to Plaintiffs' Motion In Limine No. 1 to Exclude Reference to or Use of Inter Partes Review Proceedings Relating to the '183 Patent-in-Suit* to be served via electronic mail upon the following counsel of record:

| | |
|---|---|
| Karen L. Pascale<br>Pilar G. Kraman<br>James L. Higgins<br>YOUNG CONAWAY STARGATT & TAYLOR LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>kpascale@ycst.com<br>pkraman@ycst.com<br>jhiggins@ycst.com | Matthew M. Wolf<br>Edward Han<br>Marc A. Cohn<br>William Z. Louden<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>601 Massachusetts Avenue, N.W.<br>Washington, D.C.  20001-3743<br>matthew.wolf@apks.com<br>ed.han@apks.com<br>marc.cohn@apks.com<br>william.louden@apks.com |
| Ryan J. Casamiquela<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>10th Floor, Three Embarcadero Center<br>San Francisco, California 94111-4024<br>ryan.casamiquela@apks.com | Assad Rajani<br>David A. Caine<br>Philip W. Marsh<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>3000 El Camino Real<br>Five Palo Alto Square, Suite 500 |
| Jennifer A. Sklenar<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>777 South Figueroa Street, 44th Floor<br>Los Angeles, California 90017-5844<br>jennifer.sklenar@arnoldporter.com | Palo Alto, California 94306-3807<br>assad.rajani@apks.com<br>david.caine@apks.com<br>philip.marsh@apks.com |
| *Counsel for Plaintiffs and*<br>*Counterdefendants Hologic, Inc. and*<br>*Cytyc Surgical Products, LLC* | *Counsel for Plaintiffs and*<br>*Counterdefendants Hologic, Inc. and*<br>*Cytyc Surgical Products, LLC* |

*/s/ Benjamin J. Schladweiler*
Benjamin J. Schladweiler (#4601)