IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HOLOGIC, INC. and CYTYC SURGICAL PRODUCTS, LLC, <br><br> Plaintiffs and Counterdefendants, <br><br> v. <br><br> MINERVA SURGICAL, INC., <br><br> Defendant and Counterclaimant. | C.A. No. 15-1031-JFB-SRF <br><br> **JURY TRIAL DEMANDED** <br><br> **REDACTED PUBLIC VERSION** |

**DEFENDANT MINERVA SURGICAL, INC.'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 2 TO PRECLUDE MINERVA FROM REFERENCING ITS PATENTS AND PATENT APPLICATIONS AT TRIAL**

*Of Counsel*:

Vera M. Elson
Dale R. Bish
Christopher D. Mays
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA 94304
(650) 493-9300

Edward G. Poplawski
Olivia M. Kim
Erik Carlson
Neil N. Desai
WILSON SONSINI GOODRICH & ROSATI, P.C.
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
(323) 210-2900

GREENBERG TRAURIG, LLP
Benjamin J. Schladweiler (#4601)
The Nemours Building
1007 North Orange Street
Suite 1200
Wilmington, DE 19801
(302) 661-7000
schladweilerb@gtlaw.com

*Counsel for Defendant and Counterclaimant Minerva Surgical, Inc.*

Dated: July 2, 2018

Minerva's patents and their file histories are highly relevant to lack of willfulness and damages. Hologic filed its motion before this Court granted summary judgment resolving infringement. D.I. 407; D.I. 408. Thus, the issue of infringement will not be before the jury, eliminating the purported prejudice to Hologic or potential for jury confusion that forms the basis for Hologic's motion.[1] Accordingly, Hologic's motion should be denied.

Minerva's patents are highly relevant to lack of willfulness. In 2016, the Supreme Court rejected the previous willfulness test as "unduly rigid" and focused the inquiry on the defendant's *subjective* knowledge—*i.e.*, "culpability is generally measured against the knowledge of the actor at the time of the challenged conduct." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932-34 (2016). To assess the subjective knowledge "courts should continue to take into account the particular circumstances of each case in deciding whether to award damages, and in what amount." *Id*. at 1933. After *Halo*, it is reversible error to exclude evidence relevant to defendant's state of mind because *Halo* "mandates that the inquiry into the degree of risk of infringement is for the jury, not the district court, to decide." *Exmark Mfg. Co. v. Briggs & Stratton Power Prods.*, 879 F.3d 1332, 1353 (Fed. Cir. 2018). Thus, Hologic's reliance on pre-*Halo* decisions excluding state of mind evidence is misplaced.[2]

Here, Minerva's patents are evidence of Minerva's state of mind as of the time of the challenged conduct—when Minerva's product received FDA approval in 2015. The probative value of Minerva's patents is high because they go to multiple factors in the willfulness test,

---

[1] Cases regarding irrelevance, prejudice, or confusion to the issue of infringement are now inapplicable. *Bio-Tech. Gen. Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1559 (Fed. Cir. 1996); *Atlas Powder Co. v. E.I. du Pont de Nemours & Co.*, 750 F.2d 1569, 1580 (Fed. Cir. 1984); *Sonos, Inc. v. D&M Holdings Inc.*, No. 14-1330-WCB, 2017 WL 5633204, at *1 (D. Del. Nov. 21, 2017); *Cameco Indus., Inc. v. La. Cane Mfg., Inc.*, No. 92-3158, 1995 WL 468234, at *6 (E.D. La. July 27, 1995).

[2] *Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*, 265 F.3d 1294, 1309 (Fed. Cir. 2001); *See also Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, 807 F.3d 1283, 1300-01 (Fed. Cir. 2015); *Glaros v. H.H. Robertson Co.*, 797 F.2d 1564, 1572-73 (Fed. Cir. 1986).

which "is determined from the totality of the circumstances." *ACCO Brands, Inc. v. ABA Locks Mfrs.*, 501 F.3d 1307, 1312 (Fed. Cir. 2007); *see also Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 875 F.3d 1369, 1382 (Fed. Cir. 2017) ("courts should consider the overall circumstances of the case"). The patents show that Minerva did not deliberately copy the asserted patents or Hologic's NovaSure product but instead independently developed Minerva's product. *See Read Corp. v. Portec, Inc.*, 970 F.2d 816, 827 (Fed. Cir. 1992) (lack of deliberate copying a factor); *Nat'l Presto Indus. v. W. Bend Co.*, 76 F.3d 1185, 1192-93 (Fed. Cir. 1996) ("independent development by the infringer" also a factor). They show that Minerva had formed a good-faith belief at the time of the challenged conduct that it did not and would not infringe any valid Hologic patent because Minerva had obtained its own patents after citing to the patent office the asserted patents or patents from the same family with the same specification. *See Read*, 970 F.2d 816 at 827 (Fed. Cir. 1992) ("good faith belief" a factor). The probative value of Minerva's patents is particularly high in this case for at least three reasons.

***First***, Minerva's patents are specifically directed to the accused aspects of Minerva's product. Contrary to Hologic's argument (D.I. 393 at 2), Minerva's technical expert, Dr. Robert Tucker, provided a detailed analysis showing how the accused aspects of Minerva's product practice multiple Minerva patents. D.I. 281-8, Ex. 43 ¶135-37, 227-29 (and Exs. E and D); D.I. 282, Ex. 44 ¶92-96 (and Exs. E and D). Csaba Truckai, named inventor on the asserted patents and a founder of Minerva, provided detailed written testimony—and was deposed by Hologic— about the development of the accused technology reflected in Minerva's patents. D.I. 281-8, Ex. 42 ¶31-48, 60-78. Thus, *Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*, No. C-95-03577 DLJ, 2000 WL 34334583, at *6 (N.D. Cal. Mar. 31, 2000) is distinguishable because the defendant there never provided discovery on whether any of defendant's patents covered any

feature of the accused product. *See also Advanced Cardiovascular Sys.*, 265 F.3d at 1309.

***Second***, during prosecution of its patents, Minerva disclosed to the U.S. Patent Office the relevant asserted patent or a direct family member with the same specification. D.I. 278 at 13, 25-26. After such disclosure, the Patent Office granted Minerva's patents, reflecting the Patent Office's conclusion that Minerva's patents were patentably distinct from the prior art, including the cited asserted patents or family members thereof. *See King Instrument Corp. v. Otari Corp.*, 767 F.2d 853, 867 (Fed. Cir. 1985) ("by relying on the issuance of its patent, which even cited the [plaintiff's] patent as prior art, [defendant's] management might reasonably have believed that its actions were protected as within its own patentably distinct claims, while falling outside the [plaintiff's] patent claims."). As to the '183 patent, Minerva knew through prosecution of its patents spanning 2011 to 2015 that no less than three U.S. Patent Examiners specifically compared Minerva's patents on its perforation detection system to a continuation of the '183 patent and consistently concluded that Minerva's system using a flow sensor was different from the '183 patent's approach using a pressure sensor. D.I. 278 at 25-26; D.I. 320 at 52.

***Third***, Minerva's patents issued before the beginning of challenged conduct, i.e., FDA approval of Minerva's product in 2015. *E.g.*, DTX-0033 (issued Feb. 12, 2013) and DTX-0037 (issued Jan. 1, 2013). Courts have held in similar situations that the probative value of a defendant's patents outweighs any risk of confusion or other prejudice. *See, e.g., Abbott Point of Care, Inc. v. Epocal, Inc.*, 868 F. Supp. 2d 1310, 1329-30 (N.D. Ala. 2012).

Minerva's patents are also relevant to damages. For example, factor 13 of *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970) goes to "significant features or improvements added by the infringer."

For all the above reasons, Hologic's motion should be DENIED.

3

<table>
<tr><td></td><td>Respectfully submitted,</td></tr>
<tr><td></td><td>GREENBERG TRAURIG, LLP</td></tr>
<tr><td>*Of Counsel*:</td><td>/s/ Benjamin J. Schladweiler<br>Benjamin J. Schladweiler (#4601)</td></tr>
<tr><td>Vera M. Elson<br>Dale R. Bish<br>Christopher D. Mays<br>WILSON SONSINI GOODRICH & ROSATI, P.C.<br>650 Page Mill Road<br>Palo Alto, CA  94304<br>(650) 493-9300<br>velson@wsgr.com<br>dbish@wsgr.com<br>cmays@wsgr.com</td><td>The Nemours Building<br>1007 North Orange Street<br>Suite 1200<br>Wilmington, DE  19801<br>(302) 661-7000<br>schladweilerb@gtlaw.com<br><br>*Counsel for Defendant and Counterclaimant<br>Minerva Surgical, Inc.*</td></tr>
<tr><td>Edward G. Poplawski<br>Olivia M. Kim<br>Erik Carlson<br>Neil N. Desai<br>WILSON SONSINI GOODRICH & ROSATI, P.C.<br>633 West Fifth Street, Suite 1550<br>Los Angeles, CA  90071<br>(323) 210-2900<br>epoplawski@wsgr.com<br>okim@wsgr.com<br>ecarlson@wsgr.com<br>ndesai@wsgr.com</td><td></td></tr>
<tr><td>Dated:  July 2, 2018</td><td></td></tr>
</table>

## CERTIFICATE OF SERVICE

I, Benjamin J. Schladweiler, hereby certify that on July 2, 2018, I caused the foregoing ***Defendant Minerva Surgical, Inc.'s Opposition to Plaintiffs' Motion In Limine No. 2 to Preclude Minerva from Referencing Its Patents and Patent Applications at Trial*** to be served via electronic mail upon the following counsel of record:

Karen L. Pascale
Pilar G. Kraman
James L. Higgins
YOUNG CONAWAY STARGATT & TAYLOR LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
kpascale@ycst.com
pkraman@ycst.com
jhiggins@ycst.com

Ryan J. Casamiquela
ARNOLD & PORTER KAYE SCHOLER LLP
10th Floor, Three Embarcadero Center
San Francisco, California 94111-4024
ryan.casamiquela@apks.com

Jennifer A. Sklenar
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
jennifer.sklenar@arnoldporter.com

*Counsel for Plaintiffs and Counterdefendants Hologic, Inc. and Cytyc Surgical Products, LLC*

Matthew M. Wolf
Edward Han
Marc A. Cohn
William Z. Louden
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, N.W.
Washington, D.C. 20001-3743
matthew.wolf@apks.com
ed.han@apks.com
marc.cohn@apks.com
william.louden@apks.com

Assad Rajani
David A. Caine
Philip W. Marsh
ARNOLD & PORTER KAYE SCHOLER LLP
3000 El Camino Real
Five Palo Alto Square, Suite 500
Palo Alto, California 94306-3807
assad.rajani@apks.com
david.caine@apks.com
philip.marsh@apks.com

*Counsel for Plaintiffs and Counterdefendants Hologic, Inc. and Cytyc Surgical Products, LLC*

    /s/ Benjamin J. Schladweiler
Benjamin J. Schladweiler (#4601)