# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HOLOGIC, INC. and CYTYC SURGICAL PRODUCTS, LLC, <br><br> Plaintiffs and Counterdefendants, <br><br> v. <br><br> MINERVA SURGICAL, INC., <br><br> Defendant and Counterclaimant. | C.A. No. 15-1031-JFB-SRF <br><br> **JURY TRIAL DEMANDED** <br><br> **REDACTED PUBLIC VERSION** |

### DEFENDANT MINERVA SURGICAL, INC.'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 3 TO EXCLUDE MINERVA'S UNDISCLOSED FACT WITNESS, AKOS TOTH

*Of Counsel*:

Vera M. Elson
Dale R. Bish
Christopher D. Mays
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA  94304
(650) 493-9300

Edward G. Poplawski
Olivia M. Kim
Erik Carlson
Neil N. Desai
WILSON SONSINI GOODRICH & ROSATI, P.C.
633 West Fifth Street, Suite 1550
Los Angeles, CA  90071
(323) 210-2900

GREENBERG TRAURIG, LLP
Benjamin J. Schladweiler (#4601)
The Nemours Building
1007 North Orange Street
Suite 1200
Wilmington, DE  19801
(302) 661-7000
schladweilerb@gtlaw.com

*Counsel for Defendant and Counterclaimant Minerva Surgical, Inc.*

Dated:  July 2, 2018

Minerva not only timely disclosed Akos Toth as a rebuttal fact witness pursuant to the Court's Scheduling Order (D.I. 265, ¶2), Hologic also actively sought documents relating to Mr. Toth during discovery and relied on Mr. Toth's documents in its expert reports. Accordingly, there is no surprise or prejudice to Hologic and Hologic's motion should be denied.[1]

## I. BACKGROUND

Since the beginning of discovery, Hologic actively sought documents from Mr. Toth, Minerva's Director of Engineering,[2] over Minerva's objections as duplicative and cumulative of documents from other custodians. On January 5, 2017, the Court granted Hologic's motion to add three additional ESI custodians, which included Mr. Toth. Ex. J, 01/05/17 Hrg. 6:22-7:5, 16:1-12. Pursuant to the Court's order, Minerva produced Mr. Toth's documents and emails on February 8, 2017. However, Hologic did not seek to depose Mr. Toth. Later in discovery, the Court granted in-part another Hologic's motion to compel at the June 21, 2017 hearing, ordering Minerva to produce certain lab notebooks, including Mr. Toth's lab notebooks. Ex. K, 06/21/17 Hrg. 19:5-22:7. Pursuant to the Court's order, Minerva produced the lab notebooks on June 30, 2017. Hologic again did not seek to depose Mr. Toth. Shortly after the June 30, 2017 production, Minerva's technical expert, Karl Leinsing, relied on Mr. Toth's documents, including Mr. Toth's lab notebooks, in his August 8, 2017 and August 22, 2017 expert reports. D.I. 282-1, Ex. 47 at ¶146; *id.*, Ex. 48 at ¶70-71. The expert discovery closed on October 20, 2017. D.I. 265, ¶1. On January 5, 2018, Minerva filed a *Daubert* motion seeking to, *inter alia*, preclude Mr. Leinsing's reliance on Mr. Toth's documents because the documents have nothing to do with the accused device; these documents reflect earlier designs with different components and configurations,

---

[1] In light of the Court's order granting Hologic's motion for summary judgment of infringement (D.I. 288), Minerva believes that this motion is now moot.

[2] Mr. Toth recently left Minerva. Thus, he is now a third-party to the litigation.

which are irrelevant and would only cause jury confusion. D.I. 280 at 4-6. Further, on February 2, 2018—more than five months before trial—Minerva served its rebuttal witness list, which included Mr. Toth, pursuant to the Court's Scheduling Order. Ex. L. Hologic again did not seek to depose Mr. Toth.

## II.   ARGUMENT

Hologic relies on *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-905 (3d Cir. 1977), which identified four factors to consider when determining whether to exclude a witness from testifying: "(1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the court order." These factors do not support exclusion of Mr. Toth.[3]

***Factor 1.*** The Third Circuit "observed that the plaintiff's assertion of surprise and prejudice had to be viewed in the context of the plaintiff's own failure to take any steps to clarify the facts." *Id.* at 905.[4] From the very beginning of discovery, Hologic actively sought Mr. Toth's documents, and its expert even relied on Mr. Toth's documents. In response to Hologic's expert reports, Minerva timely disclosed Mr. Toth as a rebuttal fact witness pursuant to the Court's Scheduling Order more than five months before trial. But Hologic never sought any deposition

---

[3] As a threshold matter, Hologic omits reference to the final clause of Rule 26(e)(1)(A), which requires supplementation only "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." FED. R. CIV. P. 26(e)(1)(A). Thus, Hologic's claim of a supposed Rule 26 violation is dubious. *See IBM v. Priceline Grp. Inc.*, 271 F. Supp. 3d 667, 694 (D. Del. 2017) ("Defendants…did not commit a discovery violation…[where Plaintiff] was put on notice of [a potential witness] through discovery.").

[4] *See also W.L. Gore & Assocs. v. C.R. Bard, Inc.*, No. 11-515-LPS-CJB, 2015 U.S. Dist. LEXIS 191654, at *14 (D. Del. Sep. 25, 2015) ("[Plaintiff's] delay in raising the Rule 26 issue seriously undermines its contention that there was a lack of disclosure here that has caused it prejudice.") (internal quotation omitted).

of Mr. Toth, and now on the eve of trial, feigns surprise and manufactures allegations of prejudice. Hologic had ample opportunity to minimize the alleged prejudice by seeking the deposition of Mr. Toth during fact discovery, expert discovery, or after Mr. Toth was disclosed as a rebuttal fact witness on February 2, 2018. But it did not do so.[5]

**Factors 2 and 3.** Because there is no prejudice, there is no need to "cure" any prejudice. Further, presenting Mr. Toth as a rebuttal witness would not disrupt the orderly and efficient trial of the case because there is no need for further discovery or additional work that needs to be done by Hologic as Hologic is the party that injected issues regarding Mr. Toth's documents into the case. Notably, Mr. Toth is offered as a rebuttal witness for the sole purpose of addressing Mr. Toth's documents that Mr. Leinsing cited. *See, e.g.*, *Tracinda Corp. v. DaimlerChrysler AG*, 362 F. Supp. 2d 487, 509 (D. Del. 2005) ("[Defendant's witness'] testimony is admissible as a response to [Plaintiff's witness'] trial testimony.").

**Factor 4.** Minerva did not fail to comply with any court order. Minerva identified Mr. Toth as a rebuttal fact witness on February 2, 2018 in compliance with the Court's Scheduling Order (Ex. L) and on Minerva's Witness List in the Joint Proposed Pretrial Order filed on June 7, 2018 (D.I. 367, Ex. 7).

### III. CONCLUSION

For the foregoing reasons, Hologic's motion should be DENIED.

---

[5] *See, e.g.*, *Meyers*, 559 F.2d at 905 (after receiving notice, "Pennypack made no effort to depose or serve interrogatories on the new witnesses…We believe that in these circumstances Pennypack had some obligation to take steps to minimize its alleged prejudice and surprise."); *Sheehan v. Del. & Hudson Ry. Co.*, 439 F. App'x 130, 133 (3d Cir. 2011) ("[Plaintiff] had the opportunity to cure any prejudice by deposing [the witness], which he chose not to do."); *Berroyer v. Hertz*, 672 F.2d 334, 338-39 (3d Cir. 1982) ("When given notice, the defendant made no attempt to cure the alleged surprise or prejudice.").

                                      Respectfully submitted,

                                      GREENBERG TRAURIG, LLP

| *Of Counsel*: | */s/ Benjamin J. Schladweiler* |
|---|---|
| | Benjamin J. Schladweiler (#4601) |
| Vera M. Elson | The Nemours Building |
| Dale R. Bish | 1007 North Orange Street |
| Christopher D. Mays | Suite 1200 |
| WILSON SONSINI GOODRICH & ROSATI, P.C. | Wilmington, DE  19801 |
| 650 Page Mill Road | (302) 661-7000 |
| Palo Alto, CA  94304 | schladweilerb@gtlaw.com |
| (650) 493-9300 | |
| velson@wsgr.com | *Counsel for Defendant and Counterclaimant* |
| dbish@wsgr.com | *Minerva Surgical, Inc.* |
| cmays@wsgr.com | |

Edward G. Poplawski
Olivia M. Kim
Erik Carlson
Neil N. Desai
WILSON SONSINI GOODRICH & ROSATI, P.C.
633 West Fifth Street, Suite 1550
Los Angeles, CA  90071
(323) 210-2900
epoplawski@wsgr.com
okim@wsgr.com
ecarlson@wsgr.com
ndesai@wsgr.com

Dated:  July 2, 2018

## CERTIFICATE OF SERVICE

I, Benjamin J. Schladweiler, hereby certify that on July 2, 2018, I caused the foregoing ***Defendant Minerva Surgical, Inc.'s Opposition to Plaintiffs' Motion In Limine No. 3 to Exclude Minerva's Undisclosed Fact Witness, Akos Toth*** to be served via electronic mail upon the following counsel of record:

Karen L. Pascale
Pilar G. Kraman
James L. Higgins
YOUNG CONAWAY STARGATT & TAYLOR LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
kpascale@ycst.com
pkraman@ycst.com
jhiggins@ycst.com

Ryan J. Casamiquela
ARNOLD & PORTER KAYE SCHOLER LLP
10th Floor, Three Embarcadero Center
San Francisco, California 94111-4024
ryan.casamiquela@apks.com

Jennifer A. Sklenar
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
jennifer.sklenar@arnoldporter.com

*Counsel for Plaintiffs and
Counterdefendants Hologic, Inc. and
Cytyc Surgical Products, LLC*

Matthew M. Wolf
Edward Han
Marc A. Cohn
William Z. Louden
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, N.W.
Washington, D.C. 20001-3743
matthew.wolf@apks.com
ed.han@apks.com
marc.cohn@apks.com
william.louden@apks.com

Assad Rajani
David A. Caine
Philip W. Marsh
ARNOLD & PORTER KAYE SCHOLER LLP
3000 El Camino Real
Five Palo Alto Square, Suite 500
Palo Alto, California 94306-3807
assad.rajani@apks.com
david.caine@apks.com
philip.marsh@apks.com

*Counsel for Plaintiffs and
Counterdefendants Hologic, Inc. and
Cytyc Surgical Products, LLC*

　　　　　　　　　　　　　　　　　*/s/ Benjamin J. Schladweiler*
　　　　　　　　　　　　　　　　　Benjamin J. Schladweiler (#4601)