# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HOLOGIC, INC. and CYTYC SURGICAL PRODUCTS, LLC, | )<br>)<br>) |
| Plaintiffs and Counterdefendants, | )<br>)<br>) |
| v. | ) C.A. No. 15-1031-JFB-SRF |
| MINERVA SURGICAL, INC., | ) **JURY TRIAL DEMANDED** |
| Defendant and Counterclaimant. | ) **REDACTED PUBLIC VERSION** |

**DEFENDANT MINERVA SURGICAL, INC.'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 5 TO PRECLUDE MINERVA, ITS ATTORNEYS, AND EXPERTS FROM REARGUING OR TAKING POSITIONS INCONSISTENT WITH THIS COURT'S CLAIM CONSTRUCTION**

*Of Counsel*:

Vera M. Elson
Dale R. Bish
Christopher D. Mays
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA 94304
(650) 493-9300

Edward G. Poplawski
Olivia M. Kim
Erik Carlson
Neil N. Desai
WILSON SONSINI GOODRICH & ROSATI, P.C.
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
(323) 210-2900

GREENBERG TRAURIG, LLP
Benjamin J. Schladweiler (#4601)
The Nemours Building
1007 North Orange Street
Suite 1200
Wilmington, DE 19801
(302) 661-7000
schladweilerb@gtlaw.com

*Counsel for Defendant and Counterclaimant Minerva Surgical, Inc.*

Dated: July 2, 2018

Minerva does not seek to re-argue claim construction to the jury or take positions inconsistent with the Court's Claim Construction Order.[1] But Minerva is permitted to discuss the Court's claim construction as well as issues relevant to Minerva's (and its employees') state of mind to rebut Hologic's willful infringement claim, including evidence directed to Minerva's reasonable interpretation of the claims to rebut Hologic's willful infringement claims.

## I.   LEGAL STANDARDS

Enhanced damages under 35 U.S.C. § 284 "should generally be reserved for egregious cases typified by willful misconduct. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1934 (2016). Under *Halo*, "willfulness is an issue for the jury, not the district court." *Exmark Mfg. Co. v. Briggs & Stratton Power Prod. Grp., LLC*, 879 F.3d 1332, 1353 (Fed. Cir. 2018). Importantly, "culpability is generally measured against the knowledge of the actor at the time of the challenged conduct." *Halo*, 136 S. Ct. at 1933. Willfulness is determined from the totality of the circumstances. *Gustafson, Inc. v. Intersystems Indus. Prod., Inc.*, 897 F.2d 508, 510 (Fed. Cir. 1990) ("Whether an act is 'willful' is by definition a question of the actor's intent, the answer to which must be inferred from all the circumstances."). It is legal error to exclude evidence relevant to an accused infringer's state of mind at the time of infringement. *Exmark*, 879 F.3d at 1353 ("We agree with Briggs that the district court erred to the extent it excluded this evidence without also determining whether it was relevant to Briggs' state of mind at the time of accused infringement."). It is likewise error to exclude evidence to show an accused infringer's non-infringement arguments were reasonable. *See Koninklijke Philips N.V. v. Zoll Med. Corp.*, 257 F. Supp. 3d 159, 163 (D. Mass. 2017) ("Post–*Halo*, courts have dismissed willfulness infringement claims where, as here, the defendant has had reasonable arguments as to why its

---

[1] Minerva, of course, preserves its right on appeal the Court's claim construction, summary judgment, and *Daubert* orders. *See* D.I. 227, 407, 408.

conduct was non-infringing.").

## II.   ARGUMENT

Hologic first seeks to exclude an entire swath of opinions and statements from Minerva's expert, Dr. Robert Tucker ("Tucker"), analyzing the asserted patents' specifications and discussing what a person of ordinary skill in the art would have understood those specifications to teach. *See* D.I. 292, Ex. 28 ¶¶60-61, 67-68, 84, 99, 110, 113, 155, 159, 199, 201, 203, 212, 235, 245; *id.*, Ex. 30 ¶¶159-61, 163, 168-69, 173-74. These paragraphs pertain to Tucker's opinions on invalidity and infringement and are therefore moot in light of the Court's summary judgment order. D.I. 407, 408. However, to the extent other Minerva witnesses discuss the specifications of the patents to explain why Minerva reasonably believes it does not infringe, such testimony is directly relevant to willfulness and admissible for this purpose.

Hologic next seeks to exclude certain opinions and testimony of Tucker discussing how the state of the art at the time of the patents' inventions included triangular-shaped applicator heads. D.I. 292 Ex. 28 ¶¶44-55. This relates to Hologic's allegation that Minerva copied the shape of NovaSure's applicator head. D.I. 282-1 at Ex. 46 ¶49. Tucker's opinions are admissible to show that Minerva did ***not*** copy the shape of its applicator head from the NovaSure because the shape of Minerva's applicator head is a design choice that was known in the pertinent field of art prior to the invention of the patents-in-suit or the NovaSure. Importantly, the Federal Circuit recently held that evidence about prior art could not be excluded if admissible to show a defendant's views about the prior art at the time of accused infringement. *Exmark*, 879 F.3d at 1353.[2] Tucker's opinions are directly relevant to explaining ***why*** it would have been reasonable for Minerva to believe it did not copy the NovaSure and are therefore admissible.

---

[2] Notably, Hologic's lead counsel, Matthew Wolf and Marc Cohn, represented the accused infringer in *Exmark*.

Hologic finally seeks to exclude certain testimony from inventor Csaba Truckai ("Truckai") (and opinions from Tucker applying that testimony) regarding what Truckai believed the scope of his inventions to be. *See* D.I. 292-2, Ex. 28 ¶245; D.I. 292-1, Ex. 4 at 175:4-177:5, 178:14-180:11. Again, this evidence is directly relevant to the "totality of the circumstances" test for willfulness and speaks to Truckai's state of mind about what he believed he invented, what he believed the patents' specifications teach, and what he believed the claims cover. This evidence is relevant to help the jury understand Minerva's belief with respect to what the patents' claims cover and why Minerva reasonably believed it does not infringe the patents. *Gustafson*, 897 F.2d at 510 ("Whether an act is 'willful' is by definition a question of the actor's intent, the answer to which must be inferred from all the circumstances."); *Exmark*, 879 F.3d at 1353 ("We agree with Briggs that the district court erred to the extent it excluded this evidence without also determining whether it was relevant to Briggs' state of mind at the time of accused infringement.").

To support its arguments regarding willfulness, Hologic cites only two Federal Circuit cases, *Howmedica Osteonics Corp. v. Wright Med. Tech., Inc.*, 540 F.3d 1337, 1346 (Fed. Cir. 2008) and *Hoechst Celanese Corp. v. BP Chems. Ltd.*, 78 F.3d 1575, 1580 (Fed. Cir. 1996). However, the portions of these cases on which Hologic relies have nothing to do with willful infringement, but discuss standards for claim construction. Neither case stands for the proposition that the evidence Hologic targets is inadmissible for the purposes of willfulness.

### III.   CONCLUSION

For the foregoing reasons, Hologic's motion should be DENIED.

Case 1:15-cv-01031-JFB-SRF   Document 468   Filed 07/10/18   Page 5 of 6 PageID #: 29082

                Respectfully submitted,

                GREENBERG TRAURIG, LLP

*Of Counsel*:                */s/ Benjamin J. Schladweiler*

Vera M. Elson             Benjamin J. Schladweiler (#4601)
Dale R. Bish               The Nemours Building
Christopher D. Mays      1007 North Orange Street
WILSON SONSINI GOODRICH & ROSATI, P.C.    Suite 1200
650 Page Mill Road        Wilmington, DE 19801
Palo Alto, CA 94304       (302) 661-7000
(650) 493-9300            schladweilerb@gtlaw.com
velson@wsgr.com
dbish@wsgr.com          *Counsel for Defendant and Counterclaimant*
cmays@wsgr.com        *Minerva Surgical, Inc.*

Edward G. Poplawski
Olivia M. Kim
Erik Carlson
Neil N. Desai
WILSON SONSINI GOODRICH & ROSATI, P.C.
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
(323) 210-2900
epoplawski@wsgr.com
okim@wsgr.com
ecarlson@wsgr.com
ndesai@wsgr.com

Dated: July 2, 2018

4

## CERTIFICATE OF SERVICE

I, Benjamin J. Schladweiler, hereby certify that on July 2, 2018, I caused the foregoing *Defendant Minerva Surgical, Inc.'s Opposition to Plaintiffs' Motion In Limine No. 5 to Preclude Minerva, Its Attorneys, and Experts From Arguing or Taking Positions Inconsistent With This Court's Claim Construction* to be served via electronic mail upon the following counsel of record:

Karen L. Pascale
Pilar G. Kraman
James L. Higgins
YOUNG CONAWAY STARGATT & TAYLOR LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
kpascale@ycst.com
pkraman@ycst.com
jhiggins@ycst.com

Ryan J. Casamiquela
ARNOLD & PORTER KAYE SCHOLER LLP
10th Floor, Three Embarcadero Center
San Francisco, California 94111-4024
ryan.casamiquela@apks.com

Jennifer A. Sklenar
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
jennifer.sklenar@arnoldporter.com

*Counsel for Plaintiffs and Counterdefendants Hologic, Inc. and Cytyc Surgical Products, LLC*

Matthew M. Wolf
Edward Han
Marc A. Cohn
William Z. Louden
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, N.W.
Washington, D.C. 20001-3743
matthew.wolf@apks.com
ed.han@apks.com
marc.cohn@apks.com
william.louden@apks.com

Assad Rajani
David A. Caine
Philip W. Marsh
ARNOLD & PORTER KAYE SCHOLER LLP
3000 El Camino Real
Five Palo Alto Square, Suite 500
Palo Alto, California 94306-3807
assad.rajani@apks.com
david.caine@apks.com
philip.marsh@apks.com

*Counsel for Plaintiffs and Counterdefendants Hologic, Inc. and Cytyc Surgical Products, LLC*

　　　　　　　　　　　　　　　　　　　　/s/ Benjamin J. Schladweiler
　　　　　　　　　　　　　　　　　　　　Benjamin J. Schladweiler (#4601)