IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HOLOGIC, INC. and CYTYC SURGICAL PRODUCTS, LLC,<br><br>          Plaintiffs and Counterdefendants,<br><br>    v.<br><br>MINERVA SURGICAL, INC.,<br><br>          Defendant and Counterclaimant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. 15-1031-JFB-SRF<br>)<br>)  **JURY TRIAL DEMANDED**<br>)<br>)<br>)  **REDACTED PUBLIC VERSION**<br>)<br>) |

**DEFENDANT MINERVA SURGICAL, INC.'S OPPOSITION TO
PLAINTIFFS' MOTION *IN LIMINE* NO. 6 TO PRECLUDE MINERVA
FROM RELYING ON TRIAL EXHIBITS THAT
<u>MINERVA FAILED TO PRODUCE DURING DISCOVERY</u>**

*Of Counsel*:

Vera M. Elson
Dale R. Bish
Christopher D. Mays
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA 94304
(650) 493-9300

Edward G. Poplawski
Olivia M. Kim
Erik Carlson
Neil N. Desai
WILSON SONSINI GOODRICH & ROSATI, P.C.
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
(323) 210-2900

GREENBERG TRAURIG, LLP
Benjamin J. Schladweiler (#4601)
The Nemours Building
1007 North Orange Street
Suite 1200
Wilmington, DE 19801
(302) 661-7000
schladweilerb@gtlaw.com

*Counsel for Defendant and Counterclaimant
Minerva Surgical, Inc.*

Dated: July 2, 2018

Hologic argues that it was "surprised" to see Minerva's flow meter and its precise orifice on Minerva's exhibit list, even though Minerva produced its controller—including both the flow meter and the orifice—to Hologic over a year ago. There is no surprise here, and therefore Hologic's motion should be denied.

I. **BACKGROUND**

Contrary to Hologic's flawed premise in its motion, Minerva's flow meter and orifice were not withheld in discovery; they were in fact produced as part of Minerva's entire controller. On February 1, 2017, Minerva informed Hologic that "one of Minerva's controllers"—in which both Minerva's flow meter and its orifice were a part—"will be available for inspection at WSGR Palo Alto." D.I. 289, Ex. F. Further, on May 8, 2017, the Court granted Hologic's request for the controller to be handed over to Hologic for internal inspection (meaning the cover could be open so the internal parts inspected), specifically noting that how the relevant parts of the accused devices worked "bares directly on the infringement allegations at the center of this case." D.I. 235 at 11:16-24. Two days after, Hologic's expert, Paul Clark, picked up the Minerva Controller from Minerva's office. *See* D.I. 289, Ex. G, Casamiquela 05/08/17 Email. Therefore, Hologic possessed Minerva's flow meter and orifice no later than May 10, 2017, and at this point fact discovery remained open.[1]

To underscore the lack of surprise regarding Minerva's flow meter and orifice devices, Hologic's expert, Karl Leinsing ("Leinsing"), issued an opening report on June 30, 2017. In this report, Leinsing included photographs of the Minerva controller—which includes the flow meter and orifice inside—that had been produced to Hologic. D.I. 289, Ex. H. He also included specific

---

[1] Hologic argues that "it was required to return Minerva's controller at the close of the litigation and would potentially be subject to recovery of any diminished value of the controller if it were no longer operational." This argument is of no moment. The fact remains that Minerva's flow meter and orifice are in Hologic's possession, and have been for over a year.

contentions that Minerva's flow sensor and orifice devices infringe the '183 patent. *See, e.g.,* D.I. 282-1, Ex. 46, Leinsing Op. Report at ¶68 ("The Minerva Controller uses the flow sensor in conjunction with a fixed orifice to monitor for the presence of perforations."), ¶78 ("Thus, the flow sensor in conjunction with the fixed orifice meets the Court's definition of a 'pressure sensor.'"). In response to Leinsing's report, Minerva's expert, Dr. Robert Tucker ("Tucker"), submitted a report that identified Minerva's flow meters specifically and discussed their operation at length. *See, e.g.,* D.I. 282, Ex. 44, Tucker Rebuttal Report at ¶¶82-91, 176, 180, 182-186, 209. Tucker even included photographs of the pressure sensor as part of his report. *Id.* ¶182.

## II.  ARGUMENT

Hologic argues that the factors from *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-905 (3d Cir. 1977) weigh in favor of excluding the flow meter and orifice. This is wrong.

***First***, Minerva withheld neither the flow meter nor the orifice—Hologic had possession of both for over a year.

***Second***, there is no prejudice or surprise to Hologic, who obtained the flow meter and orifice before expert discovery commenced, and the devices therefore were available to its expert, Leinsing. Indeed, Hologic cannot credibly argue surprise since Leinsing specifically opined that the flow meter and orifice (the same ones in Hologic's possession) infringe the '183 patent. Moreover, once Hologic obtained Tucker's report—which further discussed the flow meter and orifice included images of at least the flow meter—Leinsing had yet another opportunity to proffer opinions about the flow meter and orifice in his August 22, 2017, supplemental report.

***Third***, Hologic's argument that its expert can only inspect the evidence during trial in Delaware is absurd—**Hologic possesses the flow meter and orifice already** and can inspect it at

any time. There is neither surprise nor prejudice to Hologic.

*Fourth*, Hologic's arguments that Minerva initially resisted production of the flow meter and orifice devices are of no consequence. Regardless of Minerva's positions taken during discovery, the fact remains that Minerva was ordered to produce the controller containing the flow meter and orifice, and Minerva complied with this order. Hologic identifies no authority that suggests that a producing party cannot rely on evidence at trial that was produced pursuant to a discovery order. The issue is not the parties' respective positions during discovery, but whether Hologic had timely access to the flow meter and orifice—and it did.

### III. CONCLUSION

For the foregoing reasons, Hologic's motion should be DENIED.

Respectfully submitted,

GREENBERG TRAURIG, LLP

*Of Counsel*:

Vera M. Elson
Dale R. Bish
Christopher D. Mays
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA 94304
(650) 493-9300
velson@wsgr.com
dbish@wsgr.com
cmays@wsgr.com

/s/ Benjamin J. Schladweiler
Benjamin J. Schladweiler (#4601)
The Nemours Building
1007 North Orange Street
Suite 1200
Wilmington, DE 19801
(302) 661-7000
schladweilerb@gtlaw.com

*Counsel for Defendant and Counterclaimant Minerva Surgical, Inc.*

3

Edward G. Poplawski
Olivia M. Kim
Erik Carlson
Neil N. Desai
WILSON SONSINI GOODRICH & ROSATI, P.C.
633 West Fifth Street, Suite 1550
Los Angeles, CA  90071
(323) 210-2900
epoplawski@wsgr.com
okim@wsgr.com
ecarlson@wsgr.com
ndesai@wsgr.com

*Counsel for Defendant and Counterclaimant Minerva Surgical, Inc.*


Dated:  July 2, 2018

## CERTIFICATE OF SERVICE

I, Benjamin J. Schladweiler, hereby certify that on July 2, 2018, I caused the foregoing *Defendant Minerva Surgical, Inc.'s Opposition to Plaintiffs' Motion In Limine No. 6 to Preclude Minerva From Relying on Trial Exhibits That Minerva Failed to Produce During Discovery* to be served via electronic mail upon the following counsel of record:

Karen L. Pascale
Pilar G. Kraman
James L. Higgins
YOUNG CONAWAY STARGATT & TAYLOR LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
kpascale@ycst.com
pkraman@ycst.com
jhiggins@ycst.com

Ryan J. Casamiquela
ARNOLD & PORTER KAYE SCHOLER LLP
10th Floor, Three Embarcadero Center
San Francisco, California 94111-4024
ryan.casamiquela@apks.com

Jennifer A. Sklenar
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
jennifer.sklenar@arnoldporter.com

*Counsel for Plaintiffs and
Counterdefendants Hologic, Inc. and
Cytyc Surgical Products, LLC*

Matthew M. Wolf
Edward Han
Marc A. Cohn
William Z. Louden
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, N.W.
Washington, D.C. 20001-3743
matthew.wolf@apks.com
ed.han@apks.com
marc.cohn@apks.com
william.louden@apks.com

Assad Rajani
David A. Caine
Philip W. Marsh
ARNOLD & PORTER KAYE SCHOLER LLP
3000 El Camino Real
Five Palo Alto Square, Suite 500
Palo Alto, California 94306-3807
assad.rajani@apks.com
david.caine@apks.com
philip.marsh@apks.com

*Counsel for Plaintiffs and
Counterdefendants Hologic, Inc. and
Cytyc Surgical Products, LLC*

    /s/ Benjamin J. Schladweiler
Benjamin J. Schladweiler (#4601)