**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| HOLOGIC, INC., and CYTYC SURGICAL PRODUCTS, LLC,<br><br>Plaintiffs,<br>v.<br><br>MINERVA SURGICAL, INC.,<br><br>Defendant. | 15CV1031<br><br>CLOSING<br>JURY INTRUCTIONS |

**INSTRUCTION NO. 39**

**INTRODUCTION**

Now that you have heard the evidence and the attorneys' arguments, it is my duty to inform you of the legal principles and considerations you are to use in arriving at a proper verdict.

It is your duty to follow the law given you in this charge and to apply these rules of law to the facts as you find them from the evidence. Do not single out one instruction alone as stating the law, but consider the instructions as a whole.

Do not be concerned with the wisdom of any rule of law that the court states. Regardless of any opinion you may have about what the law ought to be, it would violate your sworn duty to base a verdict upon a view of the law different from the one given in

these instructions, just as it would violate your sworn duty as judges of the facts to base

a verdict upon anything but the evidence in the case and the reasonable inferences

arising from such evidence.

## INSTRUCTION NO. 40

## EXPLANATORY

Members of the jury, most of the instructions I gave at the beginning of the trial and during the trial remain in effect. Some instructions have been deleted from your preliminary set and those instructions should not be considered. I will now give you some additional instructions.

Other than the instructions that have been deleted from your preliminary set, you must continue to follow the instructions that I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because all are important. This is true even though some of those I gave you at the beginning of trial are not repeated here.

The instructions I am about to give you now as well as those I gave you earlier, other than the deleted instructions, are in writing and will be available to you in the jury room. You will also receive a verdict form to use in conjunction with these instructions.

3

## INSTRUCTION NO. 41

### JUDGE'S OPINION

In the trial of this case and in these instructions, I have in no way attempted to express my opinion about who should prevail upon the issues submitted to you. You must not construe any statement, action, or ruling on my part during the trial as an indication of my opinion about the proper outcome of your verdict. During the course of a trial, I might have occasionally asked questions of a witness to bring out facts not fully covered in the testimony. Do not assume that I hold any opinion on the matters to which the questions related.

## INSTRUCTION NO. 42

### EVIDENCE AND OBJECTIONS

During the trial I have ruled on objections to certain evidence. You must not concern yourselves with the reason for such rulings since they are controlled by rules of law.

You must not speculate or form or act upon any opinion about how a witness might have testified in answer to questions which I rejected during the trial, or upon any subject matter to which I forbade inquiry.

In coming to any conclusion in this case, you must be governed by the evidence before you and by the evidence alone. You may not indulge in speculation, conjecture or inference not supported by the evidence.

The evidence from which you are to find the facts consists of the following: (1) the testimony of the witnesses; (2) documents and other things received as exhibits; and (3) any facts that have been stipulated -- that is, formally agreed to by the parties.

The following things are not evidence: (1) statements, comments, questions and arguments by lawyers for the parties; (2) questions by jurors; (3) objections to questions; (4) any testimony I told you to disregard; and (5) anything you may have seen or heard about this case outside the courtroom.

5

## INSTRUCTION NO. 43

## REASONABLE INFERENCES

While you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.   In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

## INSTRUCTION NO. 44

## NOTE-TAKING

Throughout the course of the trial you have been allowed to take notes of the testimony.  You may take your notes into the jury room for use in your deliberations.  Remember, however, your notes are not evidence.  The courtroom deputy is charged with the task of keeping the official record of all exhibits received into evidence during the trial.  At the close of trial, she will deliver all exhibits you are to consider in your deliberations.

Your notes should be used only as aids to your memory.  You should not give your notes precedence over your independent recollection of the evidence.  You should rely on your own independent recollection of the proceedings, and you should not be influenced by the notes of other jurors.  Your notes are not entitled to any greater weight than each juror's recollection or impression of the testimony given during this trial.  After you have reached a verdict, your notes will be destroyed.

## INSTRUCTION NO. 45

## LANHAM ACT

## REMEDIES—TYPES

If you find in favor of Minerva on its Lanham Act claim, then you should consider the amount of money to award to Minerva, if any.  This should include damages that Minerva actually sustained because of Hologic's false advertising, and profits that Hologic made because of its false advertising.

## INSTRUCTION NO. 46

## LANHAM ACT—ACTUAL DAMAGES

To recover damages under the Lanham Act for infringement or false advertising, Minerva must prove by a preponderance of the evidence that:

1.     Hologic's false advertising was intentionally deceptive or caused actual confusion among consumers; and

2.     As a result, Minerva sustained injury.

If you find that Minerva has proved these things, then you must consider what amount of money to award to that party as damages. Damages consist of the amount of money required to compensate Minerva for the injury caused by Hologic's false advertising. Minerva's damages must be proved by a preponderance of the evidence. You may consider the following type of damages:

1.     Cost of corrective advertising. This is the amount spent by Minerva to counteract the effects of Hologic's false advertising and the amount necessary to dispel any public confusion that lingers.

## INSTRUCTION NO. 47

## LANHAM ACT DAMAGES—PROFITS

In addition to actual damages, Minerva may recover the profits Hologic gained from the false advertising. You may not, however, include in any award of profits any amount that you took into account in determining actual damages.

Profit is determined by deducting expenses from gross revenue. Gross revenue is all of the money Hologic received due to its false advertising. Minerva is required only to prove Hologic's gross revenue. Hologic is required to prove any expenses that it argues should be deducted in determining its profits.

Minerva is entitled to recover Hologic's total profits from its false advertising, except for the portion of the profit that Hologic proves is due to factors other than false advertising.

## INSTRUCTION NO. 48

## LANHAM ACT—WILLFULNESS

If you find that Hologic engaged in false advertising, you must also determine whether the Minerva has proven that, at the time Hologic engaged in the false advertising, Hologic acted willfully.  Hologic acted willfully if it knew that its advertising was false or misleading, or if it was indifferent as to whether its advertising was false or misleading.

If you find Hologic's false advertising was willful, you will state that separately on the verdict form.

## INSTRUCTION NO. 49

## EFFECT OF INSTRUCTIONS AS TO DAMAGES

The fact that I have instructed you about the proper measure of damages should not be considered as my suggesting which party is entitled to your verdict in this case. Instructions about the measure of damages are given for your guidance only if you find that a damages award is in order.

## INSTRUCTION NO. 50

## DELIBERATIONS AND VERDICT

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

First, when you retire to the jury room, first select one of your number to be foreperson to preside over your discussions and to speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement because a verdict—whether liable or not liable—must be unanimous. Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors. Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

Third, you will take with you when you retire for your deliberations an official verdict form on which you will indicate a verdict or special interrogatories to answer. Please follow the directions carefully when filling it out. A verdict must be agreed to by all of you, that is, it must be unanimous. Your verdict must be signed by the foreperson.

Fourth, if you need to communicate with me during your deliberations, you may send a note to me through the courtroom deputy, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Your answer may not come immediately because I may need to assemble the attorneys and confer with

them before I respond.  Remember that you should not tell anyone—including me—how your votes stand numerically.

Finally, when you arrive at your verdict and the form of verdict has been completed, you will have concluded your task.  Notify my chambers and I will receive your verdict promptly.  If you do not agree on a verdict by 5:00 this evening, you may separate and return for further deliberations tomorrow.  You may separate for meals whenever you choose.  If you do separate, you are not allowed to discuss this case with anyone, even another juror.