**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| HOLOGIC, INC. and CYTYC SURGICAL PRODUCTS, LLC, | ) ) ) |
| | ) |
| Plaintiffs and Counterdefendants, | ) ) |
| | ) |
| v. | )   C.A. No. 15-1031-JFB-SRF |
| | ) |
| MINERVA SURGICAL, INC., | )   **JURY TRIAL DEMANDED** |
| | ) |
| Defendant and Counterclaimant. | ) ) ) |
| | ) |

## DEFENDANT MINERVA SURGICAL, INC.'S MOTION FOR APPROVAL OF SUPERSEDEAS BOND AND STAY OF EXECUTION OF JUDGMENT

Defendant Minerva Surgical, Inc. ("Minerva"), pursuant to Federal Rule of Civil Procedure 62(b),[1] hereby moves the court to approve the attached supersedeas bond in the amount of $7,094,974.42 (Exhibit A), and to stay, pending appeal, execution of the Court's June 3, 2019 Final Judgment (D.I. 621). Pursuant to Local Rule 7.1.1, the parties have conferred and Plaintiffs Hologic, Inc. and Cytyc Surgical Products, LLC (collectively, "Hologic") indicated that they oppose this motion because they contend that the bond should include additional damages amounts that were not awarded in the Final Judgment.

---

[1] Rule 62(b) was added via amendment in 2018 and, as relevant here, carries forward the provisions of former Rule 62(d). *See, e.g.*, *Richardson v. Prisoner Transp. Servs. of Am.*, No. 3:15-cv-01061, 2019 U.S. Dist. LEXIS 31023, at *4 (M.D. Pa. Feb. 27, 2019) ("The newly-amended Rule 62(b) 'carries forward in modified form the supersedeas bond provisions of former Rule 62(d).'") (quoting Fed. R. Civ. P. 62 advisory committee's notes to 2018 amendment).

In support of this motion, Minerva states as follows:

1.      On June 3, 2019, the Court entered Final Judgment in favor of Hologic on its claim for infringement of U.S. Patent No. 9,095,348 ("the '348 Patent").  (*See* D.I. 621 ¶¶ 1-2.) The Court's Final Judgment included past damages in the amount of $4,787,668.23, pre-judgment interest on such past damages in the amount of $270,533, and supplemental damages in the amount of $1,629,304.08, totaling $6,687,505.31.  (*Id.*)

2.      The Court's Final Judgment also included the following awards of damages: (1) post-judgment interest on the past damages award at the statutory rate of 2.44%; (2) pre-judgment interest on the supplemental damages award at the prime rate compounded quarterly from the date of infringement to August 13, 2018; and (3) post-judgment interest on the supplemental damages award at the legal rate under 28 U.S.C. § 1961.  (*Id.*)  Minerva has determined that those awards amount to (1) $289,968.61, (2) $28,867.65, and (3) $88,632.85, respectively, totaling $407,469.11.  *See infra* ¶¶ 7-8; *see also* <u>Exhibit B</u> (calculation). Accordingly, the full amount awarded in the Final Judgment is estimated to be $7,094,974.42.

3.      Hologic has filed an appeal from the Final Judgment to the United States Court of Appeals for the Federal Circuit.  (*See* D.I. 622.)  Minerva has filed a cross-appeal.  (*See* D.I. 625.)  Minerva wishes to stay and suspend execution of the Final Judgment pending the determination of that appeal pursuant to Federal Rule of Civil Procedure 62(b).  Minerva respectfully requests that the Court permit it to post a bond in the amount of $7,094,974.42 as reasonable security during pendency of the appeal.  (*See* <u>Exhibit A</u>.)

4.      Rule 62(b) provides that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security."  Fed. R. Civ. P. 62(b).  Furthermore, "[t]he

stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." *Id.*

5.    "'The purpose of a supersedeas bond under Rule 62(d) is to preserve the status quo during the pendency of an appeal and protect the winning party from the possibility of loss resulting from the delay in execution.'" *S. Track & Pump, Inc. v. Terex Corp.*, No. 08-cv-543-LPS, 2014 U.S. Dist. LEXIS 136765, at *3 (D. Del. Sept. 29, 2014) (quoting *VICI Racing, LLC v. T-Mobile USA, Inc.*, 921 F. Supp. 2d 317, 335 (D. Del. 2013)).    "Under ordinary circumstances, [a bond] provides **sufficient protection if it covers the judgment in full** (plus costs and interest) and remains in force through post-trial and appellate proceedings." *Richardson*, 2019 U.S. Dist. LEXIS 31023, at *4-5 (emphasis added); *see also S. Track & Pump*, 2014 U.S. Dist. LEXIS 136765, at *3 ("[C]ourts have read the rule as requiring the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay.") (internal quotation omitted) (compiling cases); *VICI Racing*, 921 F. Supp. 2d at 335 ("The bond in whatever form should generally be sufficient in amount to satisfy the judgment, plus interest and costs.") (internal quotation and citation omitted); *Church & Dwight Co. v. Abbott Labs.*, No. 05-cv-2142 (GEB)(LHG), 2009 U.S. Dist. LEXIS 64459, at *48 (D.N.J. July 23, 2009) ("With respect to the amount of the bond that Abbott is required to post, 'a supersedeas bond must normally be in a sum sufficient to pay the judgment and costs, interest, and damages for delay.'") (quoting *Cashman Equip. Corp. v. U.S. Fire Ins. Co.*, No. 06-cv-3259, 2008 U.S. Dist. LEXIS 95657, at *13 (E.D. Pa. Nov. 21, 2008)).

6.    Minerva's bond would preserve the status quo by accounting for the full judgment, including pre- and post-judgment interest.   The Court's Final Judgment awarded

Hologic $4,787,668.23 in past damages and $1,629,304.08 in supplemental damages (*see* D.I. 621 ¶¶ 1-2), both of which are accounted for in Minerva's bond (*see* <u>Exhibit B</u>).

7.    The Court's Final Judgment also awarded pre-judgment interest on both damages awards.  (*See* D.I. 621 ¶¶ 1-2.)  Specifically, for past damages, the Final Judgment awarded pre-judgment interest in the amount of $270,533.  (*Id.* ¶ 1.)  For supplemental damages, the Final Judgment awarded "prejudgment interest . . . at the prime rate compounded quarterly from the date of infringement to August 13, 2018."  (*Id.* ¶ 2.)  Minerva has determined that this amounts to an additional $28,867.65 in pre-judgment interest.  (*See* <u>Exhibit B</u>.)  Both amounts of pre-judgment interest are accounted for in Minerva's bond.  (*See* <u>Exhibit A</u>.)

8.    The Court's Final Judgment also awarded post-judgment interest on both damages awards.  (*See* D.I. 621 ¶¶ 1-2.)  Specifically, for past damages, the Final Judgment awarded "postjudgment interest at the statutory rate of 2.44%."  (*Id.* ¶ 1.)  For supplemental damages, the Final Judgment awarded "post-judgment interest . . . at the legal rate under 28 U.S.C. § 1961 until such time as the judgment is paid."  (*Id.* ¶ 2.)  To compute post-judgment interest, Minerva estimated that Hologic's appeal will take 18 months from the June 3, 2019 Final Judgment (i.e., to December 3, 2021).  (*See* <u>Exhibit B</u>.)  Notably, this assumption allows for even more time than the median disposition time Hologic relied upon in its Emergency Motion for Expedited Appeal.  (*See* <u>Exhibit C</u>, Hologic's Opposed Emergency Mot. for Expedited Appeal at 6, *Hologic, Inc. v. Minerva Surgical, Inc.*, No. 19-2054 (Fed. Cir. June 21, 2019), D.I. 4 ("Last year, the median time in this Court between the Docketing Date and disposition was 14 months.") (citation omitted).)  Applying its 18-month assumption, Minerva has estimated post-judgment interest for past damages in the amount of $289,968.61, and post-judgment interest for supplemental damages in the amount of $88,632.85.  (*See* <u>Exhibit B</u>.)  Both of these amounts are

4

accounted for in Minerva's bond.  (*See* <u>Exhibit A</u>.)  Furthermore, courts in the Third Circuit have approved of using median disposition times to calculate post-judgment interest for the purpose of determining the sufficiency of a proposed supersedeas bond.  *See, e.g.*, *Church & Dwight*, 2009 U.S. Dist. LEXIS 64459, at *49-50 (using the median disposition time of the Federal Circuit to estimate post-judgment interest); *Cashman*, 2008 U.S. Dist. LEXIS 95657, at *19-20 (using the median disposition time of the Third Circuit to estimate post-judgment interest).

9.      There are no other damages or costs for which Minerva's bond should account. Except as already provided for above, Hologic's post-trial motions for additional damages and relief were denied.  (*See* D.I. 621 at 19-21.)  Hologic's Motion for Attorney Fees and Related Nontaxable Costs (D.I. 528) was also denied.  (*See id.* at 19, 21.)  Finally, Hologic has yet to submit its Bill of Costs, and reserved its right to do so until after the mandate of the Federal Circuit issues.  (*See* D.I. 528 at 1 n.1.)  Where a party reserves its right to relief until after the conclusion of the appeal, Courts have refused to include estimates of such relief in determining an appropriate supersedeas bond.  *See, e.g.*, *S. Track & Pump*, 2014 U.S. Dist. LEXIS 136765, at *4 ("defer[ring] quantifying Plaintiff's attorneys' fees and costs until after the pending appeal is concluded" where Plaintiff would "eventually seek" such fees and costs, but had yet to do so); *St. Jude Med., Inc. v. Access Closure, Inc.*, No. 4:08-cv-04101, 2012 U.S. Dist. LEXIS 178775, at *7 (W.D. Ark. Dec. 18, 2012) (refusing to include post-judgment interest in the amount of the supersedeas bond where "Plaintiff agreed to reserve its request for post-judgment interest until Defendant concludes its appeal").

10.      Hologic refuses to stipulate to a bond unless the bond accounts for damages for Hologic's claim for infringement of U.S. Patent No. 6,872,183 ("the '183 Patent").  This Court already recognized, however, that Hologic's claims for relief with respect to the '183 Patent were

mooted by the Federal Circuit's decision in *Hologic, Inc. v. Minerva Surgical, Inc.*, No. 2018-1550, 764 F. App'x 873 (Fed. Cir. 2019).  (*See* D.I. 616 at 6-7.)  Accordingly, the Court's Final Judgment was properly limited to Hologic's claim for infringement of the '348 Patent.  (*See generally* D.I. 621.)  As such, Hologic's insistence that Minerva's bond account for damages related to the '183 Patent does not "preserve the status quo," *S. Track & Pump*, 2014 U.S. Dist. LEXIS 136765, at *3 (quoting *VICI Racing*, 921 F. Supp. at 335), but rather is inconsistent with the Final Judgment.  Courts have rejected similar attempts to include amounts beyond the present judgment in the supersedeas bond.  *See, e.g.*, *Cashman*, 2008 U.S. Dist. LEXIS 95657, at *20-21 n.8 ("[Plaintiff] provides no support for the assertion that we are obligated to consider the additional amount potentially owed by [Defendant] should [Plaintiff] be successful in its cross appeal before the Third Circuit.  In that the purpose of a supersedeas bond is to secure a winning party from the possibility of loss resulting from the delay in execution, [Plaintiff] would be hard-pressed to do so given that it was not a winning party on the issue which it cross-appeals and thus does not stand before us with the benefit of a judgment at the district court level.  We will not, therefore, include that amount in our calculation of the proper amount of the supersedeas bond.") (internal quotation and citations omitted); *cf. St. Jude Med.*, 2012 U.S. Dist. LEXIS 178775, at *8 (refusing to include post-judgment interest in the supersedeas bond upon finding that "Plaintiff cannot lose what it does not have, and right now it does not have a present claim to post-judgment interest").  Conversely, Minerva's bond is more than sufficient to preserve the status quo for the pendency of the parties' appeal, and should be approved.

WHEREFORE, for the foregoing reasons, Minerva respectfully requests that the Court approve the attached supersedeas bond in the amount of $7,094,974.42, and stay execution of the Final Judgment pending appeal.  Furthermore, should the Court find a different bond amount

appropriate, Minerva respectfully requests that the Court stay execution of the Final Judgment and permit Minerva to post a bond in the amount the Court deems reasonable.

GREENBERG TRAURIG, LLP

*Of Counsel*:

Vera M. Elson
Dale R. Bish
Christopher D. Mays
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA  94304
(650) 493-9300
velson@wsgr.com
dbish@wsgr.com
cmays@wsgr.com

Edward G. Poplawski
Olivia M. Kim
Erik Carlson
Neil N. Desai
Ty W. Callahan
WILSON SONSINI GOODRICH & ROSATI, P.C.
633 West Fifth Street, Suite 1550
Los Angeles, CA  90071
(323) 210-2900
epoplawski@wsgr.com
okim@wsgr.com
ecarlson@wsgr.com
ndesai@wsgr.com
tcallahan@wsgr.com

*/s/ Benjamin J. Schladweiler*
Benjamin J. Schladweiler (#4601)
The Nemours Building
1007 North Orange Street
Suite 1200
Wilmington, DE  19801
(302) 661-7000
schladweilerb@gtlaw.com

*Counsel for Defendant and Counterclaimant*
*Minerva Surgical, Inc.*

Dated:  July 3, 2019

## CERTIFICATE OF SERVICE

I, Benjamin J. Schladweiler, hereby certify that on July 3, 2019, I caused the foregoing *Defendant Minerva Surgical, Inc.'s Motion for Approval of Supersedeas Bond and Stay of Execution of Judgment* to be served via electronic mail upon the following counsel of record:

Karen L. Pascale
Pilar G. Kraman
James L. Higgins
YOUNG CONAWAY STARGATT & TAYLOR LLP
Rodney Square
1000 North King Street
Wilmington, DE  19801
kpascale@ycst.com
pkraman@ycst.com
jhiggins@ycst.com

Amie L. Medley
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA  90017-5844
amie.medley@apks.com

Ryan J. Casamiquela
ARNOLD & PORTER KAYE SCHOLER LLP
10th Floor, Three Embarcadero Center
San Francisco, CA  94111-4024
ryan.casamiquela@apks.com

*Counsel for Plaintiffs and
Counterdefendants Hologic, Inc. and
Cytyc Surgical Products, LLC*

Matthew M. Wolf
Edward Han
Marc A. Cohn
William Z. Louden
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, N.W.
Washington, D.C.  20001-3743
matthew.wolf@apks.com
ed.han@apks.com
marc.cohn@apks.com
william.louden@apks.com

Assad Rajani
David A. Caine
Philip W. Marsh
ARNOLD & PORTER KAYE SCHOLER LLP
3000 El Camino Real
Five Palo Alto Square, Suite 500
Palo Alto, CA  94306-3807
assad.rajani@apks.com
david.caine@apks.com
philip.marsh@apks.com

*Counsel for Plaintiffs and
Counterdefendants Hologic, Inc. and
Cytyc Surgical Products, LLC*

 */s/ Benjamin J. Schladweiler*
Benjamin J. Schladweiler (#4601)