

**WILMINGTON**
RODNEY SQUARE

**NEW YORK**
ROCKEFELLER CENTER

**Karen L. Pascale**
P 302.571.5001
F 302.576.3516
kpascale@ycst.com

August 6, 2020

*BY CM/ECF*

The Honorable Joseph F. Bataillon
U.S. District Court for the
  District of Nebraska
111 South 18th Plaza, Suite 3259
Omaha, NE 68102

      Re:  *Hologic, Inc. and Cytyc Surgical Products, LLC v. Minerva Surgical, Inc.*,
          C.A. No. 15-1031-JFB-SRF

Dear Judge Bataillon:

      On behalf of the Plaintiffs, Hologic, Inc. and Cytyc Surgical Products, LLC, I write in response to the letter dated August 5, 2020 (D.I. 637) filed by Defendant Minerva Surgical, Inc. ("Minerva") requesting that the Court continue a stay of execution of Judgment pending Minerva's consideration of an appeal to the Supreme Court.  This request should be denied because there is no stay in effect, and this Court lacks authority to issue a new stay.[1]

      This Court stayed the case "pending final resolution of the appeal" to the Federal Circuit.  (D.I. 633.)  That appeal was finally resolved when the mandate issued on July 29, 2020. By its terms, the stay has terminated automatically.  Minerva cites no authority in support of its request for what would be a new stay of execution of Judgment, because none exists.

      The time for asking the Federal Circuit to issue a stay has passed.  Minerva could have

---

[1] *See, e.g., Sprint Communicatinos Co., L.P. v. Time Warner Cable, Inc.*, No. 11-2686-JWL, 2019 WL 3532063, at *2 (D. Kan. Aug. 2, 2019) ("***Courts . . . have interpreted [Rule 62] as allowing a district court to issue a stay only during appeal up to the time of the circuit court's mandate, and not during the pendency of a petition to the Supreme Court for writ of certiorari***.") (emphasis added); *William A. Graham Co. v. Haughey*, 794 F. Supp. 2d 566, 567-69 (E.D. Pa. 2011) ("it is simply not the proper role of a district court to decide whether a judgment of a higher court should be stayed pending possible review by the Supreme Court."); *In re Stumes*, 681 F.2d 524, 525 (8th Cir. 1982) ("The power of a district court to grant a stay of judgment pending appeal [per FRCP 62(d)] terminates when the Court of Appeals issues its mandate."); *Ventas, Inc. v. HCP, Inc.*, 2011 WL 3678819, at *1-2 (W.D. Ky. Aug. 22, 2011) (noting consensus that district courts lack authority to stay execution of an appellate court judgment).

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Joseph F. Bataillon
August 6, 2020
Page 2

asked it "to stay the mandate pending the filing of a petition for a writ of certiorari in the Supreme Court."  *See* FRAP 41.  The filing of such a motion would have automatically stayed the mandate while the motion was pending.  *Id.*  But, Minerva did not move for such a stay, and it allowed the mandate to issue.

Only the Supreme Court could stay the case at this stage, but Minerva has not asked it for such a stay.  28 U.S.C. § 2101(f).  Even if it did, such a stay would almost certainly be denied because Minerva failed to ask the Federal Circuit for one:  "Except in the most extraordinary circumstances, an application for a stay will not be entertained unless the relief requested was first sought in the appropriate court or courts below or from a judge or judges thereof."  *See* Supreme Court Rule 23.3.

Even if the Court had the authority to stay entry of judgment after the Federal Circuit's mandate has issued (which it does not), doing so would be unwarranted because Hologic would be significantly prejudiced.  Minerva has infringed Hologic's '348 patent for years, and it has no real chance of prevailing in the Supreme Court.  Indeed, its defenses were baseless from day one: its petitions for *inter partes* review regarding the '348 patent failed to make even a threshold showing of invalidity, it lost on claim construction, it was found liable on summary judgment, the jury awarded damages, and Minerva lost on appeal.  It is time for Minerva to account for its wrongdoing.

Minerva has not disputed the amounts in the proposed form of judgment submitted by Hologic yesterday.  The Court should enter judgment accordingly at its earliest convenience.

Respectfully submitted,

*/s/ Karen L. Pascale*

Karen L. Pascale (No. 2903)
kpascale@ycst.com

cc:  Counsel of Record (via CM/ECF and email)