IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HOLOGIC, INC., and CYTYC SURGICAL PRODUCTS, LLC,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>MINERVA SURGICAL, INC.,<br><br>　　　　　　Defendant. | **1:15-cv-1031**<br><br>**MEMORANDUM and ORDER** |

　　　This matter is before the Court on plaintiffs Hologic, Inc.'s and CYTYC Surgical Products, Inc.'s (collectively, "Hologic") motion for entry of judgment. The Court's decision in this case, after a jury trial, was "affirmed in part, reversed in part and remanded for recalculation of interest" by the United States Court of Appeals for the Federal Circuit (D.I. 634). The Federal Circuit has issued its mandate (D.I. 635).

　　　Hologic earlier submitted a proposed amended final judgment (D.I. 636-1) and Minerva Surgical, Inc. ("Minerva") does not challenge the calculations therein (D.I. 637). Minerva has had an opportunity to respond to Hologic's position on entry of final judgment in earlier letters to the court. Minerva states that it is contemplating filing a petition for a writ of certiorari in the United States Supreme Court and requests that the Court's earlier order staying execution on the judgment (D.I. 633) remain in effect (D.I. 640). Hologic contends that the Court lacks authority to enter a stay (D.I. 639; D.I. 645), whereas Minerva argues that a stay of execution of the judgment is premature until such time as the final judgment is entered and Hologic seeks to execute on the judgment (D.I. 640).

　　　This Court has authority to stay execution of the judgment under 28 U.S.C. § 2101(f) and Fed. R. Civ. P. 62(b). Rule 62(b), as amended in 2018, does not supersede

1

§ 2101. *See* Fed. R. Civ. P. 62(b), advisory committee notes (2018 Amendments). Under § 2101(f), the execution and enforcement of the judgment may be stayed for a reasonable time to allow a party to obtain a writ of certiorari from the Supreme Court "by a judge of the court rendering the judgment or decree or by a justice of the Supreme Court." 28 U.S.C. § 2101(f). This Court renders judgment for money damages, as recalculated pursuant to the Appeals Court's mandate. Ordinarily, a petition for a writ of certiorari is timely when filed with the Clerk of the United States Supreme Court within 90 days of the date of the date of judgment. Supreme Court Rule 13.1. However, in view of the global pandemic, that period has been extended to 150 days. *See* United States Supreme Court general order dated March 19, 2020, *available at* www.supremecourt.gov/announcements/COVID-19.aspx.

Rule 23.4 of the Rules of the Supreme Court of the United States provides that a court granting an application for a stay may condition the stay on the filing of a supersedeas bond. By order dated October 11, 2019, this Court stayed execution of the judgment herein pending final resolution of the appeal to the United States Court of Appeals for the Federal Circuit (D.I. 633). Minerva posted a supersedeas bond in the amount of $7,094,974.42 (D.I. 627, Exs. A & B). The earlier supersedeas bond states it remains in effect until the conclusion of the appeal (D.I. 627-1, Exs. A & B). A district court's interpretation of the term "appeal" to include the time for filing a petition for certiorari is reasonable. *Amado v. Microsoft Corp.*, 517 F.3d 1353, 1358 (Fed. Cir. 2008). Moreover, a district court does not abuse its discretion by extending a stay to maintain the status quo. *Id.*

In consideration of the parties' positions, the Court first finds that Hologic's motion for entry of amended final judgment should be granted and judgment should be entered as set forth in Hologic's proposal (D.I. 636-1; D.I. 644-1).  The Court finds the current bond in the amount of $7,094,972.42, which was calculated to include interest to December 3, 2020, appears sufficient to secure the judgment at this time.  Minerva states it continues to be prepared to ensure that Hologic remains fully protected by supplementing the bond to secure any interest that may accrue beyond the currently secured amount, should that become necessary (D.I. 640).  Although Minerva contends that consideration of these issues is premature, it is appropriate to address the stay issue at this time because the Court intends to enter final judgment and Hologic has indicated that that it will seek execution.  The Court finds the stay should remain in effect pending the filing and resolution of a petition for a writ of certiorari in the Supreme Court or the expiration of the time to file the petition.  Any shortfall in the bond's coverage can be addressed and remedied as that circumstance occurs.  Accordingly,

IT IS ORDERED that:

1. Plaintiffs' motion for entry of amended final judgment is granted.

2. A separate Amended Final Judgment will be entered.

3. Any and all actions and proceedings to execute on the Court's Amended Final Judgment shall be STAYED pending the filing and resolution of a petition for a writ of certiorari to the Supreme Court or the expiration of the time in which to seek such relief.

Dated this 28th day of August, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge