IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HOLOGIC, INC., and CYTYC SURGICAL PRODUCTS, LLC,<br><br>                Plaintiffs,<br><br>vs.<br><br>MINERVA SURGICAL, INC.,<br><br>                Defendant. | Civ. No. 15-1031-JFB<br><br>**MEMORANDUM AND ORDER** |

      This matter comes before the Court on prevailing patent owners Hologic, Inc. and Cytyc Surgical Products, LCC's request for taxation of costs. D.I. 667.

      Following summary judgment of infringement, jury award of damages, affirmance by the Federal Circuit, partial affirmance and vacatur by the Supreme Court, and reaffirmance by the Federal Circuit, Hologic filed a bill of costs totaling $245,739.29. D.I. 641. Defendant Minerva Surgical, Inc. objected to all but $35,153.41. D.I. 643. The Clerk awarded the lesser. D.I. 666. Statute generally taxes costs to the prevailing party. 28 U.S.C. § 1920. And Local Rule generally permits the same, provided, among others, an adequately specific bill. Local Rule 54.1.

      To start, however, the Court considers Minerva's objections waived. Although raising, at interval, some reasonable challenges, Minerva's refrain that Hologic did not present certain witness testimony at trial ignores the glaring fact that Hologic's summary victory on infringement removed that burden at trial. Argument, after all, must conform to a reasonable interpretation of the facts. The Court thus proceeds to briefly review the reasonability of the bill.

1

The Court first approves $17,146.26 in transcript fees—$14,009.85 attributable to daily trial copies. The utility of transcripts readily apparent, particularly in complex litigation, Hologic's summary table and receipts provide adequate clarity. D.I. 642-1 at 8, Ex. B. Brief review indicates that Hologic only requested expedited, daily, transcript copies at trial. While often unnecessary during ordinary motion practice or discovery, daily copies prove particularly useful at trial for cross examination and impeachment. This request is granted in full.

Second, the Court approves most of $159,907.71 in deposition costs. Hologic's table, D.I. 642-1 at 25–38, Ex. C, notes with sufficient clarity the depositions' citation in that briefing, designation for trial, or actual use (recalling the early resolution of half the triable issues). Pause might be taken at costs in service of Hologic's unsuccessful preliminary injunction motion, though each witness's testimony ultimately proved useful.

But the Court rejects two sets of depositions costs. Hologic has failed to justify expedition of transcripts for the depositions of Dr. Alan Johns (September 22, 2017) and Dr. Eygueni Skalnyi (October 9, 2017), the then-operative due date of December 20, 2017 (D.I. 265), for dispositive and *Daubert* motions in no way falling within the reasonable definition of due "shortly" thereafter. D.I. 642 at 3–4, ¶ 7 (h)–(i). Costs for these two depositions are considered thus waived ($3,238.25). The Court also rejects costs for depositions taken under the auspices of a separate case between the two parties (Steven Adashek, $132.00; Dave Clapper (10/4/2017), $3,725.15; Matthew Fratantoro (9/14/2017), $880.63; Mary Hanley, $95.63; Matthew Pendlebury, $950.24). D.I. 642-1 at 25–26, 28, 33, Ex. C. Those costs may be taxed, if appropriate, in that case. The request for deposition costs, then, is granted in part, totaling $150,885.81.

Third, the Court approves of $67,063.82 in exemplification, printing, and copying costs—the bulk incurred in converting documents to the agreed-upon production format, and the remainder in preparing documents for the Court, for the jury, and 25% of the cost of documents prepared for counsel's use at trial.  The Clerk did not dispute the reasonableness of these costs but reduced the total by half (on Minerva's stipulation), reasoning that Hologic dropped two of its original four asserted patents and did not prevail on its non-patent claims.

The Court disagrees that Hologic should be penalized for narrowing the scope of its case.  The specter of res judicata compels parties to draft broad complaints.  Intelligent parties, following discovery and motion practice, narrow the set of claims to pursue through dispositive motions and trial—reasonability and efficiency to be encouraged, not punished.  In addition, while costs should reasonably track the circumstances, no strict apportionment according to the proportionate victory rates is required, particularly where the bulk of the costs here trace to general discovery and only a small portion to dispositive action.  *Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 1348 (Fed. Cir. 2006).  The request is granted in full.

The Court also approves the remaining undisputed costs.

THEREFORE, IT IS ORDERED THAT Plaintiffs' Motion to Review Taxation of Costs, D.I. 667, is granted in part as follows:

      1) Clerk Fees: $905.00

      2) Transcript costs: $17,146.26

      3) Deposition costs: $150,885.81

      4) Exemplification, printing, and copying costs: $67,063.82

    5) File wrapper costs: $396.50

    6) Witness fees: $320.00

    For a total bill of **$236,717.39**.

DATED this 24th day of March, 2023.

BY THE COURT:

<u>s/ Joseph F. Bataillon</u>
Senior United States District Judge

4